CORWIN F. JONES, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY ET AL., APPELLEES; CHARLES A. BUSHMAN, APPELLANT.

FILED APRIL 13, 1909.    No. 15,604.

1. **Process: Misnomer.** If process in an action is served upon a person really intended to be sued, though a wrong name is given him in the summons and return, and he suffers default, or after appearing omits to plead the misnomer, and judgment is taken against him, he is concluded thereby, and in all future litigation he may be connected with the suit or judgment by proper averments.

2. **Judgment: MISNOMER: INJUNCTION.** One who seeks to enjoin the enforcement of a judgment against his property upon the ground that it was entered against a person bearing another name must aver and show that he was not the party sued and served with process in the action in which the judgment was rendered.

3. **Exemptions: WAGES.** The head of a family having neither lands, town lots nor houses, which are exempt under the laws of the state, may claim all of the wages due him as part of the $500 in personal property exempt to him under section 521 of the code.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed in part and reversed in part.*

*Albert & Wagner,* for appellant.

*T. W. Blackburn,* contra.

DUFFIE, C.

The petition for an injunction filed herein shows that Corwin F. Jones, the plaintiff, is an employee of the Union Pacific Railroad Company, and, while his residence is not clearly shown, the circumstances indicate that he is a resident of the city of Omaha, Douglas county, Nebraska. The defendant, William O'Brien, is a justice of the peace in and for Platte county, Nebraska, residing at Columbus, and the third defendant, Bushman, is also a resident of Platte county. Some time prior to the commencement of this action Bushman obtained judgment in Justice O'Brien's court against one Cal. F. Jones, and thereafter the said justice issued a garnishment, and caused the same to be served upon the Union Pacific Railroad Company, requiring said company to appear before him on the 3d day of August, 1907, and disclose whether it held any money or property belonging to the said Cal. F. Jones; that the plaintiff herein had no notice of said proceedings until after answer made by the Union Pacific Railroad Company, which answer disclosed that said company was owing said Jones the sum of $94, payable on August 19, 1907; that, upon said answer being filed,

the said justice entered an order requiring the railroad company to pay into court the sum of $54.66 to be applied in satisfaction of the judgment of Bushman against Cal. F. Jones. The plaintiff's petition further alleges that the sum due him from the Union Pacific Railroad Company is for wages earned, of which 90 per cent. is exempt from execution; that, upon learning of the proceedings had, he made affidavit that he was a resident of this state and the head of a family, that he had neither lands, town lots nor houses subject to exemption as a homestead under the laws of this state, and that he included in said affidavit a true inventory of all his personal property, including therein $100 due from the Union Pacific Railroad Company, which affidavit disclosed; that his entire personal property was of less value than $200, and claimed the right of exemption awarded him by sections 521, 522, 523 and 530 of the code of 1903; that he filed one copy of the said affidavit with the paymaster of the Union Pacific Railroad Company, and forwarded one by registered letter to Justice O'Brien, at Columbus, Nebraska. It is further alleged that the proceeding taken to garnish his wages was the result of a conspiracy entered into between Bushman and O'Brien to harass, embarrass and annoy the plaintiff, and thus compel him to pay the judgment against Cal. F. Jones out of his exempt wages.

The Union Pacific Railroad Company demurred. The other defendants did not appear, and, said demurrer having been overruled, the defendants were perpetually enjoined from enforcing said judgment, and the railway company was specially enjoined from paying in satisfaction thereof at any time the wages earned by plaintiff. Thereafter defendant Bushman made a fruitless attempt to have the decree set aside so that he might defend, and he only appeals.

We are first to consider the right of the court to perpetually enjoin the collection from the plaintiff of Bushman's judgment against Cal. F. Jones. The plaintiff in his petition does not deny that he was sued in justice

court in Platte county under the name of Cal. F. Jones, or that service of summons in that case was not had upon him personally. If suit was brought against him by Bushman, and he was designated as Cal. F. Jones, and personal service had upon him in such action, the judgment against him would not be void because of such misnomer. It is a well-established rule that, if process in an action is personally served upon the person really intended to be sued, though a wrong name is given him in the summons and return, and he suffers default, or after appearing omits to plead the misnomer in abatement, and judgment is taken against him, he is concluded thereby, and in all future litigation he may be connected with the suit or judgment by proper averments. *Lafayette Ins. Co. v. French,* 18 How. (U. S.) 404; *Smith v. Bowker,* 1 Mass. *76; *Parry v. Woodson,* 33 Mo. 347, 84 Am. Dec. 51.

Black, in his work on Judgments (sec. 213), in dealing with this question, says: "A name is a means of identity, but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued, but the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fails to appear, or, appearing, fails to object that he is sued by the wrong name, and the judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name." The plaintiff having neglected to negative the fact that he was the identical person sued, and against whom judgment was entered in the case of Bushman against Cal. F. Jones, we must conclude that such was the case, and that the judgment was a valid judgment against him. The decree of the district court enjoining the collection of this judgment should be reversed.

Is a party who is the head of a family, having neither lands, town lots nor houses which are exempt under the laws of this state, entitled to claim all the wages due him

as a part of the $500 in personal property exempted to him under section 521 of the code? In other words, is money due for wages earned personal property within the meaning of that statute? In *Lappin v. Mumford*, 14 Kan. 9, it is said: "A claim existing in favor of an estate for services rendered by the decedent in his lifetime is personal property which may be sold by the administrator." In *Ritch v. Talbot*, 74 Conn. 137, the court held that the term "personal property" used in a will included debts due the testator, such debts being all the personal property he had except his household furniture and certain money in the bank. In *Lining v. City Council*, 1 McCord (S. Car.) *345, it was said: "*Incomes and profits, labor, wages or hire,* are included under the *nomen generalissimum* of personal property; for the right being attached to a man, and for which, if withheld from him, he has no other remedy but by a personal action, may very properly and emphatically be denominated personal property." The salary of an officer of a bank was personal property, under a city ordinance laying a tax on all profit or income arising from the pursuit of any faculty, profession, or occupation, trade or employment. The words "personal property" "embrace not only goods, chattels, coin, bills and evidences of debt, but in their strict and more appropriate legal definition signify the right and interest of the owner or owners in these articles." *Stief v. Hart*, 1 N. Y. 20. There can be little doubt that wages due are embraced in and covered by the words "personal property" found in section 521 of our code, and that money due either for wages or on any other account may be claimed as exempt under the provisions of that statute, which is to be liberally construed.

As we have heretofore held that one may enjoin the sale on execution of his exempt property (*Cunningham v. Conway*, 25 Neb. 615), we recommend that the judgment of the district court so far as it enjoins the collection of the judgment in favor of Bushman against Cal. F. Jones be reversed, and that it be affirmed so far as it enjoins the

defendant, the Union Pacific Railroad Company, from paying any amount due the plaintiff for wages as garnishee in the case of Bushman against Cal. F. Jones.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed so far as it enjoins the collection of the judgment in favor of Bushman against Cal. F. Jones, and is affirmed so far as it enjoins the defendant, the Union Pacific Railroad Company from paying any amount due the plaintiff for wages as garnishee in the case of Bushman against Cal. F. Jones.

JUDGMENT ACCORDINGLY.