## CHRISTIAN ANDERSON v. JACOB ZORN.

Decided November 2, 1910.

**1.—Misnomer—Judgment.**

Where a defendant is personally served with process, though under a wrong
name, he will be bound by the judgment entered. The judgment, however, should
show that the person against whom it is entered is the same person who was
cited.

**2.—Same—Judgment by Default, Conclusive.**

When a court has jurisdiction of a cause of action and the person of the
defendant and, therefore, authority to render judgment by default, the fact that
the judgment falsely recites that evidence was heard will not affect the validity
of the judgment or its conclusiveness upon the defendant.

**3.—Civil Suit—Malicious Prosecution—Pleading.**

It is essential to an action for malicious prosecution of a civil suit that the
alleged malicious proceeding should have terminated in favor of the plaintiff in
the suit for damages. In an action by a tenant against his landlord for damages
for eviction from the leased premises by a suit of forcible detainer, pleading and
evidence considered and held to be in effect a suit for damages for malicious
prosecution of a civil suit, and to lack the said essential element.

**4.—Judgment—Suit to Set Aside—Pleading.**

It is essential to a proceeding to set aside a judgment rendered by a court
of competent jurisdiction, that it should be shown that the plaintiff was pre-
vented from making a valid defense by fraud, accident or mistake, or the act of
the opposite party, unmixed with negligence on his part. Rule applied.

**5.—Judgment by Default, Conclusive—Evidence.**

Where a defendant knows that he is the person intended to be sued, not-
withstanding a misnomer in the citation, and, speculating upon the judgment
being void because of the misnomer, fails to appear and defend the suit, he can
not appeal to a court of equity for relief from the judgment entered against him.

Appeal from the Eleventh Judicial District, Harris County. Tried below before Hon. Chas. E. Ashe.

*A. C. Van Velzer,* for appellant.

*J. A. Gillette,* for appellee.

JAMES, Chief Justice.—This suit was brought by Jacob Zorn against Christian Anderson, J. A. Wynne, T. L. Railey, J. B. Cochran, H. C. House, E. A. Hudson and T. Rebeker. The petition, in substance, alleged that defendant, Railey, was constable, with J. B. Cochran, H. C. House and E. A. Hudson as sureties on his official bond. That Anderson, on January 13, 1908, orally leased to plaintiff, Zorn, the south half of lot 7, block 239, Baker's Addition to the City of Houston, containing two rooms, for the term of one year beginning January 13, 1908, the agreed rental being $8 per month. That plaintiff had a butcher's shop in the front room, and lived in the back room. That plaintiff paid rent at the end of each month of January and February and notified Anderson during the months of March and April that plaintiff had the rent for said months for him, and that he should come to plaintiff's butcher shop and get his money, but, notwithstanding said rent was payable at said shop and Anderson bound to go there to receive it, Anderson refused to do so, because he was then preparing to enter into a conspiracy with the defendants, Wynne and Rebeker, to dispossess plaintiff of the premises, alleging the facts and circumstances on which plaintiff relied to evidence the conspiracy. That in furtherance of said conspiracy with Rebeker and Wynne, the said Anderson instituted a suit of forcible detainer in Justice's Court precinct No. 1, against plaintiff, entitled J. A. Wynne, agent, v. John Doe Zorn, to recover possession of said premises, but that prior to this and according to the conspiracy Anderson notified plaintiff in writing on March 5, 1908, that from March 15, 1908, the rent would be $50 a month payable in advance on March 15th and on the 15th of each month thereafter during the time plaintiff continued to use it. That said forcible detainer suit was filed on April 16, 1908, against John Doe Zoan or John Doe Zaan, upon which citation was issued to John Doe Zann, and on April 23, 1908, in said Justice's Court the said Anderson, acting through his said agent, Wynne, who aided and abetted Anderson in his unlawful and malicious conspiracy and acting for himself as well as for Anderson, and in furtherance of said conspiracy, took judgment against J. A. Zoan, or J. A. Zorn, or J. A. Zaan by default for the recovery of the possession and writ of restitution, and that such writ was executed on May 1, 1908, by a deputy constable, under instructions from said Railey, Anderson, Rebeker and Wynne, but before executing same required for his principal an indemnity bond of Anderson and Wynne, which was executed by Anderson and Wynne, and plaintiff was dispossessed to his

damage, which damages, actual $2836 and exemplary $2000, were stated in detail.

The petition alleged that plaintiff's name is Jacob Zorn and not J. A. Zoin, nor J. A. Zoan, nor John Doe Zoan, nor John Doe Zaan, and is now, and had been for many years before the filing of said suit, known to defendants and to the officers of Harris County, and that his name could easily have been found out, and that said judgment was void as to plaintiff and will not support a writ of restitution against him.

That said judgment and writ were void because the citation, which was served on John Doe Zoan, or John D. Zoan, in said cause, did not contain the file number of the cause as required by law.

That the judgment was void; that plaintiff Zorn did not appear in the proceeding in person or by attorney; that the facts attending the disposition of the case were that before plaintiff in that cause announced ready, the justice asked Wynne if the facts contained in the complaint were true or not, to which he answered, "Yes." The counsel for the plaintiff announced ready for trial, and placed a brother of this plaintiff, Zorn, on the stand and examined him long enough to learn that he was not the defendant, and then excused him and announced to the justice that he would take judgment by default, and this was done and nothing else was done; that no notice demanding the premises was introduced, no evidence of any rental contract, no evidence that Anderson or Wynne were the owners of the premises and as such had made any contract with this plaintiff for the same, no evidence to show that the contract had expired, and that it had been breached. That the justice, through ignorance or mistake, believing the method pursued by him in rendering judgment to be the correct one, reciting that the cause was tried on its merits, made the judgment recite that the plaintiff and defendant appeared and announced ready for trial, waived a jury and submitted the cause to the court, and adjudging that the plaintiff in said cause was entitled to the possession of the land as against J. A. Zoan, or J. A. Zaan, and awarding a writ of restitution; wherefore said judgment is null and void against this plaintiff as well as the proceedings had thereunder against this plaintiff, and that the writ is void because it has no valid judgment to support it.

Then occurs this allegation attacking the judgment for fraud which being brief we copy: "Plaintiff further shows that the only species of fraud charged herein against said justice of the peace is one of law, in this, that in the manner and haste in which they tried said cause they were guilty of ignorance, haste and mistake, which in law amounts to legal fraud, and entitles this plaintiff to be relieved from the effects thereof. And in addition to said legal fraud the judgment is null and void against this plaintiff and will not support the writ of restitution herein mentioned because of the actual and legal frauds perpetrated by said Anderson, Wynne and Rebeker as fully set out in this petition, and that by reason of their fraud upon this plaintiff and said court in securing said judgment and said writ of restitution they did fraudu-

lently assist in recovering the judgment and the issuance of said writ of restitution."

The answer of defendant Anderson was the general issue, and he also alleged that the suit was filed in the Justice's Court by J. A. Wynne as agent for him against John Doe Zorn wherein judgment was rendered in his favor for the restitution of the premises, and that under a writ of possession issued on said judgment said Zorn was ousted about May 1, 1908, and possession delivered to said Anderson. That said suit was brought against John Doe Zorn, whose real name was unknown when the suit was filed, and upon the trial his name was shown to be J. A. Zorn, who is plaintiff in this suit. That said suit was the statutory action of unlawful detainer by reason of default on the part of Zorn to pay rentals due from him to said Anderson. The issue in said suit was the right of possession of said premises. That plaintiff herein was duly served with citation in said suit and the judgment therein is pleaded in bar of the right of said Zorn to maintain this action for damages for the ouster of said Zorn by said suit and the writ issued thereunder. That plaintiff is estopped from maintaining this suit for damages because he was lawfully ousted from the possession of said premises by virtue of said judgment and writ, and said judgment is in all things final, and conclusively determines that said Wynne as agent for the owner, Anderson, was and is entitled to the possession of said land and premises by lawful right, and plaintiff Zorn is estopped from denying the fact.

It appears from the court's charge that plaintiff waived his claim against all the defendants except Wynne and Anderson; and that as to Wynne the court directed the jury to find for him. The case was submitted on the liability of Anderson, and the verdict followed against him for $16.64 actual, and $60 exemplary, damages.

The court submitted the case to the jury upon the theory of Anderson's liability if they found from the evidence that the judgment rendered by the justice was in fact against a man by the name of Zoan, Zaan or Zoon, and that the name of the plaintiff in the present suit is Zorn. The above issue is claimed to arise from indistinctness in the handwriting in the citation and the entry of the judgment in the justice's minutes. The record contains the original of the affidavit by which the proceeding was begun, and the original of the citation, and also a photograph of the judgment entry. The affidavit is against "John Doe Zorn" in unmistakable letters. The name of the defendant as written in the citation is not so distinct, but examining the handwriting throughout the instrument, the person summoned was "John Doe Zorn," and in our judgment, from an inspection of the papers, there was no room for an issue of fact on that subject. The same applies to the name "Zorn" as it appears in the judgment entry.

The judgment was as follows:

"12869.

"J. A. Wynne, agent                               Filed April 16, 1908.
    "vs.
"John Doe Zorn.                                    Van Velzer.

"Plaintiff sues for restitution of the premises situated and known as half of lot 7 in block 239, Baker's Addition to City of Houston.
    "4/16/08 C. & C.                               Served Apr. 16, 1908.

"April 23rd, 1908.—The above entitled cause being this day called, came the parties and answered ready for trial, waived a jury and submitted the cause to the court, and it appearing to the court that the suit was brought against John Doe Zorn, and that upon the trial it was shown to be J. A. Zorn who was properly served with citation. Whereupon the court having heard the evidence in the cause, finds that the defendant J. A. Zorn is guilty of forcible detainer of the premises in dispute, as alleged in complaint. It is therefore considered and adjudged by the court that plaintiff, Jas. A. Wynne, agent, do have and recover of and from the defendant the said J. A. Zorn, the restitution of the premises and improvements situated and known as half of lot No. 7, in block 239, Baker's Addition to the City of Houston, Harris County, Texas, together with the costs of suit, and that execution and restitution hereof issue.

                                        "Approved,
                                          "J. C. Matthews, J. P."

"April 27, 1908. Writ restitution issued. May 1, 1908. Writ executed by placing the complainant in possession of the premises described in writ."

We call attention to the fact that the judgment shows that "John Doe Zorn" was sued, and citation served on "J. A. Zorn," and plaintiff was shown to be the person upon whom citation had been served. We also refer to the fact that plaintiff in this case testified that he was the one who was served, and that he was the person in possession of the premises described in the complaint and citation, under a lease from Anderson.

From what we have stated it is evident that our conclusion is that there existed no such issue as that submitted, viz: as to whether or not plaintiff in this suit was the same person who was defendant in the detainer suit, and defendant in the judgment.

The contention of plaintiff Zorn is that the justice's judgment was void as to him and therefore no obstruction to this suit for damages for being dispossessed under said judgment. Referring to his petition, it is first claimed that the judgment was void because the citation did not contain the file number of the cause. We find that the citation shows otherwise.

The position that the judgment falsely recited what took place at the trial, and that the judgment was really one by default and no testi-

mony heard, is of no avail to plaintiff in this proceeding. A sufficient explanation of this is to state that, if this plaintiff, Zorn, was legally before that court to answer the complaint, the court had jurisdiction to render judgment against him, even by default; and if, as he claims, it was really a judgment by default that was taken, it is none the less conclusive on him because of the recitals.

The rule seems to be well established that where one is personally served with process, though under a wrong name, and fails to plead the misnomer, he will be bound by the judgment entered. Jones v. Union P. R. R. Co., 120 N. W., 946; Pond v. Ennis, 69 Ill., 341; Black on Judgments, sec. 213. We note that the judgment entered even complies with what Mr. Black states to be essential, viz.: that it was shown that the person sued was J. A. Zorn, who was the person properly served with citation.

The plaintiff Zorn admits that he was in possession of the premises sued for and described in the citation, admits that he was there under a lease of the same from Anderson, and admits that trouble existed between him and Anderson respecting the lease, and that the citation was served upon him. Though the citation was to John Doe Zorn, he must have known from all the circumstances that he was the person intended to be sued. He failed to pay any attention to the summons. Under these facts he was concluded by the judgment.

The next question proper to consider is whether or not, after a judgment conclusive upon him which involved and determined Anderson's right as against him to the possession of the premises, he could maintain an action for damages based upon the existence of a state of facts at variance with that determination? This is in reality an action for malicious prosecution of a civil suit. An essential to such a case is that the proceeding alleged to have been maliciously prosecuted, has terminated in favor of the plaintiff. 1 Cooley on Torts (3rd ed.), pp. 352, 353; Clement v. Orr, 60 S. E., 1017; Swepson v. Davis, 70 S. W., 65. This feature is wanting in this case.

Viewing this suit as a direct attack on the judgment to set it aside for fraud in its procurement, for the purpose of opening the way for the recovery of damages, it can not be maintained. The judgment of the Justice's Court was one by a court of competent jurisdiction. It is essential to a proceeding to set aside a judgment for fraud of any character, that it should be shown that the petitioner was prevented from making a valid defense by fraud, accident, or the act of the opposite party, unmixed with negligence on his part. Hammond v. Atlee, and cases there cited, 15 Texas Civ. App., 267; Hockwald v. American Surety Co., 102 S. W. 181, and cases cited.

Zorn, the plaintiff, was served in person, under circumstances that apprised him that he was the person intended to be sued, and failed to pay any attention to the case. He can not be heard to contend that he did not know of the judgment which was rendered on the day for which he was cited. But that he did know, or must have known, of a judgment

in the case almost immediately upon its rendition, is evident from his testimony, as follows: "I do not know whether it is any of your business where I was the day the case was tried. I was standing right across the street over here at Burt Dodge's saloon, the way I fix the time as being the same time the case was tried, is for the simple reason they tried my brother in place of me; the way I know that, he came and told me about it about half an hour after he got out of court." Certainly this, together with the fact that he was the person cited, places him in a position where he would not be heard to ask relief from the judgment upon any such ground as that he was ignorant of the rendition of a judgment in the case. He was evidently speculating upon the chances of the judgment being void as to him because of the misnomer, and was careful not to make an appearance in the case. He not only failed to use any diligence to defend the writ, but failed, without any equitable excuse therefor, to employ the legal remedies afforded him for relief, and is in no situation to appeal to a court of equity. Texas Mexican Ry. Co. v. Wright (Texas Civ. App.), 29 S. W., 1134. Same case (Sup. Court), 88 Texas, 346.

It follows from the above conclusions that the court should have given a peremptory instruction for appellant, as requested, and that the proper disposition of the case here, is to reverse the judgment and to render judgment for the appellant.

*Reversed and rendered.*