ROWAN et al. v. STOWE. (No. 669.)

(Court of Civil Appeals of Texas. El Paso. March 15, 1917.)

1. INTOXICATING LIQUORS ☞264 — ILLEGAL SALE—INJUNCTION—SUIT BY PRIVATE CITIZEN.
Under Rev. St. 1911, art. 4674, declaring that a person, firm, or corporation selling intoxicating liquors at retail without procuring the required license or paying the required tax shall be regarded as the promoter of a public nuisance, and may be enjoined at the suit of any private citizen, a private citizen could maintain an action to enjoin the sale of intoxicating liquors to the public generally without a license by an incorporated athletic club which was not a bona fide club, but was incorporated as a sham to evade the law.
[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 403.]

2. INTOXICATING LIQUORS ☞264 — ILLEGAL SALE—INJUNCTION.
The fact that the Attorney General alone is empowered to bring a suit to forfeit the charter of a corporation and inquire into its charter rights does not affect the right given by Rev. St. 1911, art. 4674, to a private citizen to maintain a suit to enjoin an incorporated club from

maintaining a nuisance· by selling intoxicating liquors without a license.
[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 403.]

3. CORPORATIONS ☞387(2) — POWERS — PERSONS ENTITLED TO QUESTION—SPECIAL EXCEPTION.
In a suit by a private citizen under authority of Rev. St. 1911, art. 4674, to enjoin an incorporated club from maintaining a nuisance by selling intoxicating liquors without a license, a special exception to paragraphs of the complaint constituting an inquiry into defendants' charter rights and an effort to prevent them from exercising a power not authorized by law should have been sustained; as a suit for that purpose could be brought only by the Attorney General.
[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1549, 1550.]

4. APPEAL AND ERROR ☞1040(11)—REVIEW—HARMLESS ERROR.
Error in overruling a special exception to paragraphs of the complaint constituting an inquiry into defendants' charter rights and an effort to prevent it from exercising a power not authorized by law was harmless, since other allegations of the petition stated a cause of action under article 4674.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4099.]

5. PARTIES ☞94(2)—MISNOMER—OBJECTIONS —"NAME."
If the defendant desired to avail itself of a misnomer in the petition, it should have pleaded it in abatement, and, having appeared and answered in its proper name, it is concluded from objecting to the misnomer, and the court properly entered judgment against it by its proper name, since a name is but a means of identity, and it is not the name that is sued, but the person or corporation to whom it is applied.
[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 156, 157, 159.
For other definitions, see Words and Phrases, First and Second Series, Name.]

6. JUDGMENT ☞248—MATTERS NOT IN PLEADING OR PROOF.
Where the petition did not allege that the club was permitting or had permitted the playing of cards or games to be played with cards upon the premises occupied or controlled by the club, and the proof did not show such acts, that part of the decree enjoining defendant corporation from permitting the playing of cards, or games to be played with cards upon the premises or any part thereof, was error.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434.]

Appeal from District Court, El Paso County; W. D. Howe, Special Judge.

Suit by J. E. Stowe against Sam Rowan and another. Judgment for plaintiff, and defendants appeal. Judgment corrected, and as corrected affirmed.

Moore & Harris and T. A. Falvey, all of El Paso, for appellants. Eugene L. Harris and P. H. Marcum, both of El Paso, for appellee.

WALTHALL, J. J. E. Stowe, a resident of the city of El Paso, filed this suit against Sam Rowan and the West Texas. Club, which was alleged to be a private corporation, duly incorporated under the laws of Texas. The substance of the plaintiff's allegations may be stated briefly as follows:

(1) That Rowan is in possession and in control of and is the lessee of certain premises in the basement of the McCoy Hotel in the city of El Paso, said premises being commonly known as the West Texas Club, and being the place where the West Texas Club has its headquarters and place of business; that the said premises, in fact, are owned, operated, and controlled by Rowan, for his own private use, benefit, and profit, the said Rowan using the charter granted to said corporation as a sham and makeshift for the purpose of conducting in the name of said corporation a buffet and saloon at said place, and for the purpose and with the intent of evading and avoiding the liquor laws of the state and the payment of the taxes due the state as a retail liquor dealer, and that the said Rowan for a long time prior to the filing of the petition has been so engaged in the business of and occupation of a retail liquor dealer, and has been conducting said premises as a disorderly house, and threatens and contemplates to so continue to do; that the premises constitute a disorderly house in this, that therein spirituous, vinous, and malted liquors are sold in quantities of one gallon or less to be drunk on the premises, and have continuously been kept for sale without the defendant first having obtained a license under the laws of the state to engage in the business or occupation of a retail liquor dealer, and that no person or corporation has a license to re-retail liquors or to engage in the business or occupation of a retail liquor dealer at said premises.

(2) (There is no paragraph 2.)

(3) That Rowan threatens and contemplates to continue said premises as a disorderly house aforesaid.

(4) That if plaintiff is mistaken in the foregoing allegations, and that Rowan is not personally maintaining in the premises a disorderly house, and is not personally engaged in the business and occupation of a retail liquor dealer, and that, in truth and in fact, the West Texas Club has actual control of and is conducting and managing the said premises, and that the said Rowan is merely the manager, agent, or servant of the West Texas Club, then plaintiff complains of the West Texas Club, and avers that it is duly incorporated, but that it has been granted no authority to conduct a saloon or buffet upon said premises, nor to sell, give away, or dispense to its members intoxicating liquors; that since its organization it has conducted a buffet and saloon upon said premises, and is now so doing, and has engaged in the business or occupation of selling and dispensing to its members, their invited guests, and other persons, intoxicating liquors without first having obtained a state license therefor; that the sale and dispensation of such intoxicating liquors is not necessary or essential to enjoy the purposes or to carry into effect the purposes of its incorporation, nor appropriate to the exercise of its corporate authority; that the sale and dispensation of said liquors has been the chief and main occupation of the corporation since its organization, and the purposes set forth in its charter have been subverted to the business and occupation of selling and dispensing intoxicating liquors; that the purpose for which it was incorporated is a mere incident to the conduct of its actual business and occupation, and that its main and principal business and occupation is that of selling and dispensing intoxicating liquors, and it was incorporated as a sham or device to evade and elude the liquor laws of the state, and that the purposes of the corporation were a mere shield and subterfuge behind which the corporation concealed its main purpose and business, viz. selling and dispensing intoxicating liquors; that it is not and has not been necessary or proper under its express or implied corporate powers to conduct a bar or buffet upon the premises and to sell and dispense intoxicating liquors.

(5) That the corporation has been and is now employing and using its stock, means, assets, and property for purposes other than to accomplish the legitimate purpose of its creation, in this:

(a) That it has been and is now maintaining a buffet upon such premises selling and dispensing intoxicating liquors to its members and invited guests, and will continue to do so unless restrained.

(b) That the corporation has not taken out or paid any liquor dealer's license, but has sold intoxicating liquors without such license and without having qualified as a retail liquor dealer; that it has sold and now sells and dispenses intoxicating liquors in quantities of one gallon or less to be drunk upon the premises.

(6) That in so doing the corporation is employing and using its stock, assets, means, and properties for purposes other than that for which the corporation was chartered, and that the same constitutes a misuse and abuse of its corporate franchises and privileges and authorizes and requires the court to enjoin the corporation from maintaining said buffet and selling and dispensing intoxicating liquors to its members and from using its rooms and premises for such purpose; that the sale and dispensation of intoxicating liquors without a state license is the usurpation of a franchise to which it is not entitled; that it was not chartered for the purpose of or with authority to maintain a buffet or to purchase and sell intoxicating liquors, and in so doing it is violating its corporate powers and the laws of the state, entitling the state to an injunction restraining it from such abuse of its corporate powers and such use of its corporate properties and funds, and from violating the laws of the state.

(7) Prayed that Sam Rowan be enjoined

from using said premises for the purpose of selling said liquors on said premises unless he should procure a license so to do and pay the tax required by law and that the corporation, its officers, agents, and employés, be enjoined from longer maintaining said buffet and using the stock, means, assets, and property of the corporation in purchasing, selling, and dispensing intoxicating liquors to its members and other persons and for general relief.

The case was tried before a jury and submitted upon special issues. The following facts were found by the jury: That the premises had not been used by Rowan for his own private use as a place for the sale or dispensation of intoxicating liquors; that the West Texas Athletic Club, through its officers and agents, since its incorporation, had not conducted in good faith its business so as to carry into effect the purposes set forth in its charter, viz. the purposes of supporting and maintaining the innocent sports of boxing, wrestling, sparring, jumping, running, and gymnastics generally, such as those performed by the use of dumb-bells, Indian clubs, trapeze, and numerous other exercises designed and intended to develop the muscles of the body; that the main purpose and occupation of such club as it was and had been conducted since its incorporation to June 12, 1916, on which date the suit was filed, was the sale or dispensing of intoxicating liquors to its members and invited guests; that said club, through its officers and agents on the 12th day of June, 1916, and prior to that date, was using its charter as a shield or makeshift for the purpose of selling intoxicating liquor to its members; that the sale of intoxicating liquors to its members and invited guests was reasonably appropriate to carry into effect the purposes for which the West Texas Athletic Club was chartered as aforesaid. The correctness of the findings is not challenged by any assignment.

Upon these findings the court entered judgment enjoining Sam Rowan, as an officer of the West Texas Athletic Club, and the West Texas Athletic Club, its officers, agents, servants, and employés, from using the said premises for the purpose of selling, dispensing, or giving away spirituous, vinous, and malted liquors, and from keeping for sale and dispensation or for the purpose of giving away thereon such liquors, and defendants have prosecuted this appeal from that judgment.

[1] Error is assigned to the action of the court in overruling demurrers to the petition. It is asserted in support of these assignments that the plaintiff was without authority to bring this suit. In this contention we do not concur. Article 4674, R. S., declares that any person, firm, or corporation who may engage in or pursue the business of selling intoxicating liquors without having first procured the necessary license and paid the tax required by law shall be regarded as the creator and promoter of a public nuisance and may be enjoined at the suit of any private citizen of the state.

The allegations of the petition show that the defendants are maintaining a saloon and buffet upon the premises and selling intoxicating liquors without having first procured the necessary license. The allegations show that the defendant corporation was incorporated as a mere sham and subterfuge to evade the laws of the state; that it was not a bona fide club, which, as an incident to its organization and without profit, furnished liquor to its members, and not to the public generally. Under these allegations it could not be regarded as a club which was exempt from the necessity of paying the taxes required by law of retail liquor dealers and which are not required to procure license under the decision in the case of State v. Duke, 104 Tex. 355, 137 S. W. 654, 138 S. W. 385. Under the statute indicated, the appellee, as a private citizen, had the right to maintain an action to enjoin the nuisance denounced by the statute.

[2] It is next asserted in support of the assignment complaining of the overruling of the demurrers, that under the Constitution the Attorney General alone is empowered to bring a suit to forfeit the charter of a private corporation and to inquire into the charter rights of such corporation. This proposition of law is correct, but it has no application here. Appellants being the promoters and creators of a public nuisance, any private citizen of the state might bring an action to enjoin the nuisance. Article 4674, R. S.

The fifth and sixth paragraphs of the petition in this case, in effect, constitute an inquiry into the charter rights of the defendant corporation and constitute an effort to prevent the corporation from exercising a power not authorized by law, but the other allegations in the petition bring the case within the statutory provision of the article stated above.

[3, 4] The third special exception of the defendants to the fifth and sixth paragraphs of the petition should have been sustained, because a private citizen has no authority to inquire into the charter powers of a private corporation and prevent it from exercising a power not authorized by law. But the error in overruling this exception was harmless, since other allegations of the petition stated a cause of action under article 4674.

[5] The next assignment is that judgment was erroneously entered against the West Texas Athletic Club, when the defendant corporation was sued as "the West Texas Club." The defendant in the case answered in the name of "the West Texas Athletic Club." Appellant, if it desired to avail itself of the misnomer in the petition, should have pleaded same in abatement. Having appeared and answered in its proper name, it is con-

cluded from objecting to the misnomer, and the court was authorized to enter judgment against it by its proper name. A name is but a means of identity. The application of a wrong name does not change the thing identified. It is not the name that is sued, but the person or corporation to whom it is applied. If he appears and fails to object that he is sued by a wrong name, and a judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name, and the same rule applies in the case of corporations. 1 Black on Judgments (1st Ed.) § 213; Anderson v. Zorn, 62 Tex. Civ. App. 547, 131 S. W. 835; Parry v. Woodson, 33 Mo. 347, 84 Am. Dec. 51; Hoffield v. Board of Education, 33 Kan. 644, 7 Pac. 216. For the reason indicated, there was no error in rendering judgment against the defendant corporation by the name in which it answered.

[6] The trial court also decreed that Sam Rowan, as an officer of the West Texas Athletic Club, and the West Texas Athletic Club, its officers, agents, servants, and employés, "be, and the same are hereby, perpetually enjoined, restrained and prohibited from permitting the playing of cards or games to be played with cards upon the premises or any part thereof of the West Texas Athletic Club." The petition does not allege that Rowan or the club was permitting or had permitted the playing of cards or games to be played with cards upon the premises occupied or controlled by the club, nor does the proof show such facts. This part of the order of the court was error. Under the evidence and findings of the jury, we think the judgment of the court, except as above indicated, was properly entered.

The judgment is here corrected, as above indicated, and, as corrected, affirmed. The costs in this appeal will be taxed against the appellant.