REED v. McCUTCHEON & CHURCH.
(No. 8246.)

(Court of Civil Appeals of Texas. Dallas. Nov. 29, 1919.)

1. JUDGMENT ⟷17(11)—PROCESS TO SUPPORT.

Service on Jack Reed of garnishee process directed against Jack Reeves will not support judgment against Reed, in the absence of a showing that he was the person intended to be sued and such showing is not made by return reciting service on Reed nor by default, interlocutory, and final judgments against Reed, though the judgment recited that such person was known by both names.

2. PROCESS ⟷134—SUFFICIENCY OF RETURN.

Sheriff's return reciting service on "Jack Reed also known as Jack Reeves," notwithstanding the presumption that service was made on the person named in sheriff's return, is not a sufficient showing that Jack Reed was the person intended to be sued.

3. APPEAL AND ERROR ⟷934(3) — PRESUMPTIONS TO SUSTAIN JUDGMENT.

The appellate court will not indulge the presumption that trial court heard evidence and adjudged Jack Reed on whom garnishee service was made to be the Jack Reeves sued, where the judgment was by default and it therefore appears no evidence was received.

Error from Dallas County Court; W. L. Thornton, Judge.

Default judgment was rendered against Jack Reed as garnishee in suit by McCutcheon & Church against another, and he prosecutes writ of error. Reversed and remanded.

W. L. Mathis and Leake & Henry, both of Dallas, for plaintiff in error.

McCutcheon & Church and W. F. Bane, all of Dallas, for defendant in error.

RASBURY, J. On December 19, 1917, there was pending in the county court of Dallas county at law No. 2, suit No. 25866–B, styled McCutcheon & Church v. B. E. Hendricks, for debt. On that date statutory application for garnishment against one Jack Reeves, alleged to be indebted, etc., to Hendricks, the defendant in the main suit, was made. On the same day writ of garnishment was issued directed to the proper officers, commanding them to summons Jack Reeves to appear and answer January 14, 1918, and make the statutory answers to the writ. The

constable executed the writ December 20, 1917, "by delivering to Jack Reed, also known as Jack Reeves, in person a true copy" of the writ. On January 15, 1918, being default day of the term to which the writ was returnable, the garnishee not having filed answer, "the plaintiff asked for and the court gave a judgment against the said garnishee and in favor of said plaintiff, with a writ of inquiry, with the right of said plaintiff to prove up any amount against said garnishee, Jack Reeves, who is also and commonly known and further goes by the name of Jack Reed, that plaintiff secure judgment for in case of McCutcheon & Church against R. E. Hendricks," the defendant in the original case. The foregoing quotation is from the court's judgment awarding judgment by default with the writ of inquiry. On March 25, 1918, in the main or original suit, styled McCutcheon & Church v. B. E. Hendricks, the plaintiffs were awarded judgment for $205 with interest thereon from date thereof until paid at 6 per cent. per annum, together with all costs incurred and execution awarded. After rendition of the foregoing decree and on April 17, 1918, final judgment was rendered in the garnishment proceeding. That judgment, after reciting that the "garnishee, Jack Reeves, also commonly known as Jack Reed, and going generally in the community by both names," had defaulted, "and a judgment with a writ of inquiry was taken against said Jack Reeves * * * on January 15, 1918," and that said Jack Reeves, garnishee, has altogether and continuously failed to make answer to the writ, * * * *" and that "in the main action * * * *" plaintiffs, McCutcheon & Church, have recovered judgment, awards plaintiffs in the main action judgment against the "garnishee Jack Reeves, alias Jack Reed," for the sum recovered in the main action. The case is brought here by Jack Reed, plaintiff in error, who alleges in his application that the defendants in error, by authority of the proceedings recited, have levied execution upon the property of said applicant. No motion, plea, or answer was filed by plaintiff in error in the court below, nor any bill of exception taken. No motion for new trial or statement of facts was filed. The facts we have recited are all matters of record in the court below. No notice of appeal was given, but the case is here on writ of error.

[1] It is the contention of plaintiff in error that the service on him of the writ directed against Jack Reeves, in the absence of any showing that he was the person intended to be sued, will not support the judgment against him. We are constrained to agree with the contention. The rule in such cases, save where there is some statutory limitation, is:

"That if process in an action is served upon the person really intended to be sued, although a wrong name is given him in the writ and return, and he suffers a default, * * * and judgment is taken against him, he is concluded thereby. * * * *" Black, Judgmts., vol. 1, § 213.

If defendants in error intended to sue Jack Reed, but in the affidavit and writ he was by mistake designated Jack Reeves, that fact would not prevent judgment being entered against Jack Reed, provided proof of that fact was made. The author just cited further declares:

"Moreover, it is essential to the plaintiff's recovery that it should be proved, not only that the real person was sued, but that he was duly served with process though under a mistaken name."

The rule announced by Mr. Black is approved in Anderson v. Zorn, 62 Tex. Civ. App. 547, 131 S. W. 835, relied upon by defendants in error, wherein it is said, commenting upon the service in the case being reviewed, it even complies with what Mr. Black states to be essential, viz., that it was shown that the person sued was J. A. Zorn, who was the person properly served with citation. In the present case the person sued was Jack Reeves, while the return of the officer recites that he served Jack Reed. No proof was adduced to show that Jack Reed, the person served with the citation, was in fact the person intended to be sued, but who was mistakenly designated in the proceedings as Jack Reeves. It is true that both the interlocutory and final judgments entered by the court recite that Jack Reed, the person actually served, is known by both names. Such recitations, however, are obviously not founded upon allegation and proof of that fact, since the allegations are not found in the application for the writ, and since both the interlocutory and final judgments purport to be default orders.

[2] It is also true that the officer's return does recite that Jack Reed is commonly known as Jack Reeves. We are persuaded that the rule does not contemplate such proof. Such method would substitute the executive officer's conclusions for the findings of the court. The only presumption that will be indulged concerning the verity of the sheriff's return is that, when it recites it was served upon the person named in the writ, the presumption will be indulged that it was so served. Brown v. Robertson, 28 Tex. 555.

[3] It is urged by defendants in error that it is the duty of this court, in the absence of a statement of facts, to indulge the presumption that the trial court heard evidence and adjudged Jack Reed and Jack Reeves to be the identical persons. The rule is correct when it appears that any evidence at all has been introduced on the issue. But as we have shown, the judgments were by default. Hence it affirmatively appears that no evi-

dence was adduced, and as a consequence no presumption that any fact was proven may bé indulged.

Having reached the conclusion that the record will not support the judgment against plaintiff in error, Jack Reed, it becomes unnecessary to consider the other issues presented, upon which we express no opinion.

For the reasons indicated, the judgment of the trial court is reversed, and cause remanded.