## WEINFIELD v. COCKE.

### No. 4029.

Court of Civil Appeals of Texas. Amarillo.
May 17, 1933.

Rehearing Denied June 7, 1933.

Bruce W. Teagarden, of San Antonio, for plaintiff in error.

Emmett B. Cocke, of San Antonio, for defendant in error.

JACKSON, Justice.

This is a suit in trespass to try title instituted by Dr. L. M. Weinfield, herein designated appellant, against Hill Cocke, designated appellee, to recover a certain lot in the city of San Antonio, Tex.

The trial was had before the court without the intervention of a jury on an agreed statement of facts and resulted in a judgment against appellant, which is before us for review.

The facts material to a disposition of this appeal are as follows: On December 10, 1914, by warranty deed from the owner, Henry A. Hirschberg acquired a valid legal title to the lot in controversy and became the record owner thereof, although appellant was the real and equitable owner.

The state and county taxes duly levied against the lot for the year 1918 became delinquent and in December, 1919, suit, as provided by law, was filed in the name of the state of Texas by the county attorney of Bexar county against Harry A. Hirschberg to recover said delinquent taxes and to foreclose the tax lien against the lot. Citation was issued to Harry A. Hirschberg and duly and legally served on Henry A. Hirschberg, and thereafter, on June 19, 1920, judgment was rendered in the district court in favor of the state against Harry A. Hirschberg for such taxes, penalty, interest, and costs, aggregating the sum of $25.35, with interest thereon at the rate of 6 per cent. per annum, together with a foreclosure of the tax lien against the lot. The decree directed the clerk to issue an order of sale to the sheriff or any constable of Bexar county, commanding him to seize, levy upon, advertise, and sell the lot as under execution to satisfy the judgment.

On July 18, 1920, the clerk issued such order of sale in compliance with the statute, and on July 28th thereafter delivered it to the sheriff, who, under the direction of the county attorney, on September 15, 1920, made his return of such order "not executed," which was filed with the county clerk.

On August 1, 1921, the clerk issued a second order of sale in terms of the law and delivered it to the sheriff on the same day, who levied on the lot and properly advertised that the sale thereof would be had on September 6, 1921, the first Tuesday in said month. On that day the sheriff, through his deputy, at the proper time and place, offered the lot for sale at public outcry, and, although "there was no bidder for the land," neither the county attorney nor the sheriff bid the amount of the taxes, penalty, interest, and costs for the state, nor did the sheriff by deed convey the lot to the state, but on September 12, 1921, returned the order showing that no bid for the lot had been made at the sale, and such order and return was filed on October 12, 1921, in the records of the cause.

On February 8, 1922, the clerk of the court issued a third order of sale in compliance with the law and delivered it to the sheriff of said county, who levied upon the lot, advertised the sale thereof to be made on the first Tuesday of March, the 7th day thereof, and on said day sold the lot to the appellee for the sum of $100, he being the highest and best bidder therefor. The sheriff executed and delivered to appellee a deed dated March 7, 1922, conveying the lot to him, of which due return was made and filed in the records of the case on April 17, 1922.

Neither the appellant nor Henry A. Hirschberg nor Harry A. Hirschberg redeemed the lot within two years from the date of said judgment or from the date of any of said orders of sale or attempted sales, by the payment of the amount or amounts contemplated and provided by law to either the state or to appellee. The orders of sale were designated first, second, and third orders of sale respectively and were at all times on file in the records of the court, except when in the hands of the sheriff for execution. The sheriff sent notice to Henry A. Hirschberg of the proposed sale on March 7, 1922, and such notice was received by the said Henry A. Hirschberg. After the year 1923, Hirschberg did not render the lot for taxes and appellant rendered it for one year only, 1925. The value of the lot on March 7, 1922, the time of the sale, was approximately $200, and there was a marked advance in the market value about the year 1924. On January 22, 1924, Henry A. Hirschberg by deed conveyed the lot to the appellant, who offers to do in the premises whatever in equity the court may deem fair and just.

In the petition filed for the collection of taxes by the state, Harry A. Hirschberg is alleged to be in the Alamo National Bank building, which is located a few blocks from the courthouse and Henry A. Hirschberg was then and now is a practicing attorney at the San Antonio bar and at the time of the filing of the tax suit and the issuance of citation, had his law offices in the Alamo National Bank building, was well known in the city and especially to the officers of the county. The citation served was indorsed by the clerk "Harry A. Hirschberg, Alamo National Bank Building," which indorsement was to notify the officer where the defendant could be found. There was no other person in the bank building at that time by the name of Hirschberg. The citation was in truth and in fact served upon Henry A. Hirschberg, in the Alamo National Bank building in San Antonio, on April 26, 1920, and when the tax was levied, became delinquent, the suit filed, and service of citation had on Henry A. Hirschberg, he held the record title to the lot in question and was the agent and attorney of appellant and the party intended as the defendant in the tax suit. The writing of the Christian name "Harry" instead of "Henry" was a clerical error.

There was nothing in the agreed statement to show that the officers bringing the tax suit or in any of the proceedings thereafter had pertaining to the sale of the lot, had any notice that appellant was the owner of the property.

■ The appellant attacks the sufficiency of the judgment in the tax suit to divest the record owner Henry A. Hirschberg of title to the lot by a sale under execution issued upon said judgment, because the suit was filed, citation issued to, and judgment taken against Harry A. Hirschberg.

The citation, though addressed to Harry A. Hirschberg, was in truth properly served upon Henry A. Hirschberg and under the facts in the agreed statement there is no question as to the identity of Henry A. Hirschberg as the defendant and the party sued in the action to collect the taxes and foreclose the lien on the lot.

The record in this case fails to reveal whether a default judgment was entered in the tax suit or whether Henry A. Hirschberg answered and contested the case.

In Abilene Independent Telephone & Telegraph Co. v. Williams et al., 111 Tex. 102, 229 S. W. 847, "where the defendant is misnamed in the petition, citation, and judgment," after stating the facts, Judge Greenwood says: "The above facts admit of no other conclusion than that plaintiff in error was sued by a name different from that stated in its charter, and, further, that neither the petition nor the citation left in doubt the identity of the plaintiff in error as the party intended to be sued. Under that state of facts, it was clearly obligatory on plaintiff in error to appear and answer the plaintiff's petition, in obedience to the citation served upon it, or else be bound by the judgment to be entered on its default. No more can in reason be required than that a corporate defendant be fully informed that suit has been brought against it. If, with that information, it elects not to interpose timely objection to a mistake in its name, it ought to be treated as having waived the mistake."

See, also, Anderson v. Zorn et al. (Tex. Civ. App.) 131 S. W. 835, and authorities cited; Rowan v. Stowe (Tex. Civ. App.) 193 S. W. 434.

■ The only attack on the validity of the order of sale is appellant's contention that inasmuch as there was no bidder for the lot at the attempted sale under execution on September 6, 1921, and the county attorney and sheriff, each having failed to bid for the state, the order of sale under which the lot was sold on March 7, 1922, was invalid and the sale thereunder to appellee was invalid and the sheriff's deed conveyed no title to him because the statute is mandatory that if there is no bidder for the land at an execution sale for the taxes, the county attorney, or in his absence, the sheriff, shall bid the amount of taxes, interest, penalty, and costs against the property, which shall be deeded to the state.

The statute in force at the time of the proceedings involved in this suit was article 7689, Rev. St. 1911, and is designated by the same number in Vernon's Sayles' Ann. Civil Statutes of 1914, and among other things provides: "And, in case of foreclosure, an

order of sale shall issue, and the land sold thereunder as in other cases of foreclosure; . * * * and provided, further, that, if there shall be no bidder for such land, that the county attorney shall bid said property off to the state for the amount of all taxes, penalties, interest and costs adjudged against said property; and, in the absence of the county attorney, the sheriff is authorized to bid to the state, when there are no bidders, and it shall be the duty of the district clerk to immediately make report of such sale in duplicate, one to the comptroller of public accounts, and one to the commissioners' court, on blanks to be prescribed and furnished by the comptroller."

It further provides that where the property is bid off to the state, the sheriff shall execute a deed to the state.

[3] An officer selling property by virtue of an order of sale or execution under the general law may, in proper cases, postpone a sale in order that there may be competition. 18 Tex. Jur. 677; McLaury v. Miller, 64 Tex. 381. If there are no bidders, certainly under the general law of sales under execution the officer would be permitted to postpone the sale and again advertise and offer the property for sale.

In Collins et al. v. Hines et al., 100 Tex. 304, 99 S. W. 400, 401, in answer to a certified question, Judge Williams, for the Supreme Court, says: "The statute prescribing the requisites of an execution provides that it shall correctly describe the judgment, stating, among other things, the names of the parties. When we look at the nature of the various requirements in the statute we at once see that it was not intended to make compliance with each and all of them essential to the validity of the writ, although all are prescribed in language in form imperative. The former decisions of this court are inconsistent with the view that such was the intention."

The record does not disclose whether the county attorney was present at the attempted sale on September 6, 1921, or not, and it will be noted that the language of the statute simply authorizes the sheriff to bid. The language, in our opinion, is directory and not mandatory.

In an opinion by Judge Cobbs of the San Antonio Court in Allen et al. v. State Mortgage Corporation (Tex. Civ. App.) 19 S.W. (2d) 109, 110, it is said: "This sale was made under Rev. St. 1911, art. 7689, which provides, if there be no bidder for such land, the county attorney shall bid such property for the amount of all taxes, penalties, interest, and costs, adjudged against said property, and, in the absence of the county attorney, the sheriff is authorized to bid to the state when there are no bidders. The statute is merely

directory, but a failure to so bid does not pay the debt, nor vest title to the land in the state."

The judgment is affirmed.