## MAYTAG SOUTHWESTERN CO. et al. v. RUPERT et al.

### No. 4601.

Court of Civil Appeals of Texas. Amarillo.

May 25, 1936.

Rehearing Denied June 22, 1936.

Russell V. Rogers, Jr., of Dallas, and Cook, Smith, Teed & Wade, of Pampa, for appellants.

John F. Studer, of Pampa, for appellees.

JACKSON, Justice.

This suit was instituted by the appellees, Gussie Rupert and her husband, J. L. Rupert, against the appellants, Titus Holland and Maytag Southwestern Company, to recover damages, both actual and exemplary, for personal injuries alleged to have been sustained by Gussie Rupert on account of the negligence and abusive misconduct toward her of Titus Holland.

The appellees sufficiently pleaded a cause of action, alleged that they are resident citizens of Gray county, Tex., that the Maytag Southwestern Company is a Texas corporation, duly and legally incorporated, with a secretary-treasurer residing in Dallas upon whom service may be had, and that Titus Holland, at the time the acts, conduct, and negligence complained of occurred, was the agent of the Maytag Southwestern Company and resided in Dallas county, Tex.

The appellants, in due time and form, each filed a plea of privilege; the Maytag Southwestern Company claiming its residence to be in Dallas county, Tex., and Titus Holland claiming his residence to be in Childress county, Tex.

The appellees filed their controverting pleas alleging that the venue of the suit was properly laid in Gray county, first, because based upon a crime, offense, or trespass; and, second, for the reason that the Maytag Southwestern Company was a corporation with an agent or representative in Gray county, and that the cause of action arose therein.

On a hearing before the court, the pleas of privilege were overruled.

The appellants challenge the sufficiency of the testimony to show the facts necessary to sustain the action of the court in overruling their respective pleas.

The facts to be shown in order to maintain venue in Gray county under subdivision 9 of article 1995 against the appellant, Titus Holland, were that a crime, offense, or trespass was committed, and that it was perpetrated in Gray county.

The appellees alleged that Titus Holland was the agent of the Maytag Southwestern Company, and on December 20, 1934, while acting in the scope of his employment, entered the home of appellees in Le Fors, Tex., to collect a debt, found Gussie Rupert in bed due to recent child birth, and proceeded to curse and abuse her and otherwise conducted himself in such a manner that she sustained personal injuries and damages as the direct and proximate cause thereof. The petition sets out in detail the language used, the conduct of Titus Holland while in her home, and the effect of such conduct on her health.

Gussie Rupert testified in effect that she had read the petition, and that all the acts and misconduct alleged to have been committed by Titus Holland occurred in Gray county, Tex.

In our opinion this evidence, which was uncontroverted, was sufficient to authorize a finding by the court that Titus Holland had committed an offense, crime, or trespass, and that it was perpetrated in Gray county. Compton v. Elliott (Tex.Com. App.) 88 S.W.(2d) 91.

The appellees were not required, as appellants apparently contend, to prove the facts constituting their alleged cause of

action, but to show only, by a preponderance of the testimony, the venue facts on which they rely to maintain their suit in Gray county, Farmers' Seed & Gin Co., Inc., v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675; and, having done this, the court correctly overruled the plea of privilege urged by appellant, Titus Holland.

In order for appellees to maintain their suit against the Maytag Southwestern Company in Gray county under subdivision 23 of article 1995, the burden was on them to prove that such company was a private corporation.

"In order to maintain the venue as laid, it was incumbent upon appellee at the hearing to establish the venue facts relied upon. Under his controverting plea these facts were (1) that appellant is a private corporation, and (2) that it had an agency or representative in Wichita county. He established the fact that appellant had an agency or representative in that county, and the only question presented is whether he established the fact that appellant is a private corporation. * * * The inquiry is limited to a determination of the single question of whether appellant is a private corporation. If it is not, appellee failed to establish the venue facts, and the general rule that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, applies. State v. Waller (Tex.Civ.App.) 211 S.W. 322." Texas Employers' Ins. Ass'n v. Collier (Tex.Civ.App.) 77 S.W.(2d) 878.

The appellees failed to offer any, and the record is devoid of any, evidence tending to show that the Maytag Southwestern Company is a private corporation.

Appellees contend that inasmuch as they alleged that such company was a Texas corporation, duly incorporated, and such allegation was not denied under oath, the fact of the incorporation of such company was to be taken as true.

This position is not tenable. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Vilbig Motor Freight Lines, Inc., v. Jenness (Tex.Civ. App.) 34 S.W.(2d) 684; Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.(2d) 824; Ketner et al. v. J. M. Radford Grocery Co. (Tex.Civ.App.) 299 S.W. 680.

The judgment of the trial court in overruling the plea of privilege filed by appellant, Titus Holland, is affirmed; the judgment overruling the plea of privilege of the appellant, Maytag Southwestern Company, is reversed and the cause remanded. Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.(2d) 1; Dillingham v. Cavett (Tex.Civ.App.) 91 S.W.(2d) 868; Goad Motor Co. v. Yantis (Tex.Civ.App.) 296 S.W. 990; Rogers et ux. v. Alexander et al. (Tex.Civ.App.) 289 S.W. 1070; Allen et al. v. Williams et al. (Tex.Civ.App.) 248 S.W. 1116.

Affirmed in part, and reversed and remanded in part.