## J. C. WOOLDRIDGE LUMBER CO. v. MOSS.

### No. 4686.

Court of Civil Appeals of Texas. Amarillo.
Jan. 4, 1937.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellant.

Reynold M. Gardner, of Amarillo, for appellee.

HALL, Chief Justice.

Mrs. Moss sued the Wooldridge Lumber Company, a corporation, in the district court of Wheeler county. The appellant lumber company duly filed its plea of privilege, praying that the case be transferred to the district court of Potter county, in which it maintained its residence and principal place of business.

The appellee filed an amended controverting affidavit, alleging that she was a resident of Wheeler county, Tex., and had been for many years prior to July 17, 1934; that the appellant, J. C. Wooldridge Lumber Company, was a private corporation; that it had its office and place of business in Amarillo, Potter county, Tex., and that on July 16, 1934, the J. C. Wooldridge Lumber Company maintained an agency and office and a lumber yard in Shamrock, Wheeler county, Tex., and at the time of filing said controverting affidavit it maintained a lumber yard and an agency in Wheeler county; that appellant was engaged in the retail lumber business in Shamrock, Wheeler county, and that on the 16th day of July, 1934, her husband, W. E. Moss, was employed by the J. C. Wooldridge Lumber Company, working in its yard at Shamrock; that the said Moss, on or about the 16th day of July, 1934, while in the employment of appellant, and while waiting on a customer, climbed upon an elevated walkway in the lumber yard to get a piece of lumber for the customer; that there was no guard rail or other means of protection along a part or portion of said elevated walkway, and while he was on said walkway the said W. E. Moss fell from the same where there was not any guard rail or other means of protection; that said walkway was some eight or ten feet from the ground, and that W. E. Moss fell this distance, striking his head and body on the ground, and sustained great and serious bodily injuries, and that he died July 17, 1934, as a result of said injuries; that the injury was sustained in Wheeler county, Tex. Appellee further alleged that venue was properly laid in Wheeler county because the defendant lumber company was a private corporation, and that it maintained an agency in Wheeler county on the date of the alleged injury, and at the time of filing the original petition, and at the time of filing the amended controverting affidavit.

After a hearing the court overruled the plea of privilege.

Article 1995, subd. 23, R.S., provides: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

In filing her suit, appellee based her right to maintain it in Wheeler county upon provisions of this statute.

We conclude from the manner in which the cross-examination was conducted, and from the introduction of the answers to a few questions propounded to P. J. Wooldridge, that there has been a misnomer of the defendant in filing the suit. If the defendant had answered at the time of the hearing on the plea of privilege, the answer does not appear in the transcript. The rule is that when a defendant is sued by the wrong name, that fact is available to him only by plea in abatement, and if he appears without objection, he is bound by a judgment rendered against him in the wrong name, and this rule also applies to corporations. Wieser v. Thompson Grocery Co. (Tex. Civ.App.) 8 S.W.(2d) 1100; Robinson v. Watkins (Tex.Civ.App.) 271 S.W. 288; Gilles v. Miners' Bank (Tex.Civ.App.) 198 S.W. 170; Rowan v. Stowe (Tex.Civ. App.) 193 S.W. 434; McCord-Collins Co. v. Pritchard, 37 Tex.Civ.App. 418, 84 S.W. 388 (writ ref. 101 Tex. 647); Anderson v. Zorn, 62 Tex.Civ.App. 547, 131 S.W. 835; Abilene Indep. Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Arcola Sugar Mills Co. v. Doherty (Tex.

Civ.App.) 254 S.W. 650, 651; 1 Tex.Jur. pp. 139, 140.

The contention is made by appellant that there is an absence of proof that Moss was ever employed by the defendant company. This contention must be sustained. Mrs. Moss testified that her husband at the time of his injury and death was employed by J. C. Wooldridge, but she did not say that he was employed by either lumber company.

The appellant further contends that there is no evidence whatever showing a cause of action against the defendant. The petition alleges facts which, if true, might entitle Mrs. Moss to recover upon the ground of negligence, but there is no testimony showing why Moss was at the lumber yard—whether as an employee of the defendant, a licensee, or a trespasser. The allegation is that he fell from a walkway, but there is no proof of that fact. We assume that the plaintiff sought to recover on the ground of negligence because of the failure of the defendant to furnish a safe place in which to work. There is no testimony showing that the walkway was unsafe, that it had no guard rail, or was defective in any other particular upon which a finding of negligence could be based.

From Compton v. Elliott (Tex.Com. App.) 88 S.W. (2d) 91, 94, we quote as follows:

"By the second question certified is presented appellant's contention that the plea of privilege should have been overruled, because on the hearing he discharged the burden of proof resting upon him, when he introduced evidence which prima facie proved all of the essential elements of the crime or offense of malicious prosecution and that the crime or offense was committed in the county where the suit was filed. His position is that, while he had the burden of proving the venue fact or facts, he was not required to prove them in the ordinary manner, but merely to introduce enough evidence to prove them prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded.

"This contention we cannot sustain, although it is supported by decisions of some of the Courts of Civil Appeals. As has been shown, article 2007 is construed to have the effect of placing upon the plaintiff the burden of proving the facts relied upon by him to bring the case within the exception. The decisions of the Supreme Court, which have been cited above, announce this rule without qualification. In so doing, they carry the reasonable, if not the necessary, implication that plaintiff must prove the facts in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence."

This statement is followed by a quotation from Citizens' State Bank v. Alexander (Tex.Civ.App) 274 S.W. 184, in which he says that Judge Looney correctly held that the allegations of the plaintiff's contesting plea must be proven as the allegations of any other plea. He further quotes with approval from Fagg v. Benners (Tex.Civ.App.) 47 S.W.(2d) 872, as follows: "Appellant's plea of privilege merely placed upon appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, which means the greater degree and weight of credible testimony." He then says: "We find nothing in article 2008 which provides that the court shall hear the plea of privilege and enter judgment thereon and that either party may appeal from the judgment, to suggest that anything less is required of the plaintiff in establishing his venue facts than is required of any other litigant who in a hearing or trial has the burden of proving a fact. On the contrary, the unqualified provisions for hearing, judgment, and appeal seem to contemplate that the issue made be heard in the ordinary way and that the truth as to the facts in issue be ascertained by the introduction and weighing of evidence offered by both parties. A hearing, in which one party's evidence is accepted as true and the evidence of the other party excluded or disregarded, or in which the party having the burden is required to establish only the probable truth of what he alleges, is not a hearing in a true sense."

The cause of action in this case is the alleged negligence. That negligence occurred in Wheeler county. Without proof of facts sufficient to show negligence, the cause of action has not been established. Negligence is, therefore, a venue fact.

As said by Judge Jackson in Maytag Southwestern Co. et al. v. Rupert et al. (Tex.Civ.App.) 95 S.W. (2d) 728, 729, 730: "Appellees contend that inasmuch as they alleged that such company was a

Texas corporation, duly incorporated, and such allegation was not denied under oath, the fact of the incorporation of such company was to be taken as true. This position is not tenable." Citing numerous authorities.

Since no testimony was introduced upon the material issues as stated above, we believe the ends of justice will be promoted by reversing and remanding the case for another trial. Maytag Southwestern Co. v. Rupert, supra; Dillingham v. Cavett (Tex.Civ.App.) 91 S.W.(2d) 868; Goad Motor Co. v. Yantis (Tex.Civ.App.) 296 S.W. 990; Rogers et ux. v. Alexander et al. (Tex.Civ.App.) 289 S.W. 1070; Allen et al. v. Williams et al. (Tex.Civ.App.) 248 S.W. 1116.

The original opinion is withdrawn.

Reversed and remanded.