## ROARING SPRINGS INDEPENDENT SCHOOL DIST. v. McABEE.

(No. 8388.)

(Court of Civil Appeals of Texas. Ft. Worth. June 3, 1916.)

1. VENUE ⊕⇒22(1) — RESIDENCE OF DEFENDANT.

In a suit for a specific fund to which other litigants make claim, the venue of the action may be laid in any county in which any one or more of the proper or necessary defendants reside.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35; Dec. Dig. ⊕⇒22(1).]

2. VENUE ⊕⇒27—RESIDENCE OR SITUS OF DEFENDANT—ASSIGNMENT AS AFFECTING VENUE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, providing that transfer or assignment of a chose in action shall not change the venue, in an action on contract against a school district in which the receiver of plaintiff's assignor is a party defendant, the school district may claim a transfer under article 1832 to the county of its situs notwithstanding nonresidence of such receiver.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. ⊕⇒27.]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by W. H. McAbee against the Roaring Springs Independent School District. Order denying defendant's plea of privilege and judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Decker & Clarke, of Quanah, for appellant. E. W. Napier, of Wichita Falls, for appellee.

CONNER, C. J. Appellee instituted this suit in the county court of Wichita county to recover an indebtedness of $488.10, alleged to be due from the appellant, the Roaring Springs independent school district of Motley county, to R. S. Glenn, an architect, for plans and specifications of a public school building erected by the trustees of the district named. It was alleged that the board of trustees of the district had employed the said Glenn to prepare the said plans and had contracted to give him therefor the sum for which the suit was instituted, and that Glenn

had later duly assigned the claim to him, the plaintiff in the suit. One Lester Jones was also sued as the receiver of the partnership of Glenn Bros. & Ferguson, of which the said R. S. Glenn was a member. The school district presented its plea of privilege to be sued in Motley county, and also answered to the effect that the contract made with Glenn was invalid by reason of the fact that, at the time the contract was made with the architect for the erection of the school building, it had no funds with which to make the payment specified. The plaintiff in reply alleged in the alternative that the school district nevertheless later in fact erected the school building and used the plans prepared and furnished by Glenn, and that therefore the district was equitably obligated to pay the reasonable value thereof. The trial resulted in a denial of the appellant's plea of privilege, and in a judgment for appellee, evidently on his plea of quantum meruit, for the sum of $400.

[1, 2] We think the action of the court in overruling appellant's plea of privilege to be sued in Motley county cannot be sustained. Appellant by virtue of the statute is a body politic, capable of suing and of being sued, and as such entitled to all of the rights of other litigants, among which is the right of being sued in the county of its existence and operation. Vernon's Sayles' Texas Civil Statutes, art. 1830, provides that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile," except in the cases particularly mentioned. Numerous exceptions are then specified, but the only one by virtue of which it can be pretended that appellee was entitled to maintain his suit as against the appellant school district in Wichita county is exception 4 of the article, which reads:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside. Provided that the transfer or assignment of note or chose of action shall not give any subsequent holder the right to institute suit on such note or chose of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment of transfer had been made."

The proviso in exception 4 above quoted was added by an amendment of the Legislature in 1913, and was evidently intended to meet grievous complaints theretofore arising on the part of litigants sued out of the county of their residence on allegations that the plaintiff, by assignment from a person resident in the county of the suit, owned the claim alleged to be due from the nonresident.

In the suit now before us no reasonable contention can be made that appellant was not entitled, as it alleged in its plea of privilege, to be sued in Motley county, other than as appellee attempted to show that the receiver made a defendant resided in Wichita county where the suit was instituted. Appellee alleged, as stated, that Lester Jones had been appointed a receiver of the partnership firm of which R. S. Glenn was a member, and further alleged that said receiver was claiming the fund for which appellee sued. But, as we construe the record, this is not the ordinary case of a plaintiff suing for a specific fund to which some other litigant asserts a claim and whose right thereto under equitable rules may be determined in the plaintiff's suit. In all such cases the rule in equity is that such claimants at least are proper parties, and in such cases we do not doubt that a plaintiff could file his suit in any county where any one or more of the necessary or proper parties resided; but here the plaintiff's suit is not for the recovery of specific property or of a specific fund, but is upon an alleged contract, express or implied, to pay for certain plans and specifications made and furnished by R. S. Glenn, and the right of the plaintiff to recover upon this contract, too, is expressly based upon an alleged transfer or assignment of the claim by R. S. Glenn to the plaintiff. The plaintiff, thus, as we think, is precluded from suing in Wichita county by the very exception to the general rule upon which alone he could under any circumstances claim the right to sue in Wichita county.

We conclude that the court should have sustained the appellant's plea of privilege, and should have, in accordance with the provisions of article 1832 of Vernon's Sayles' Texas Civil Statutes, transferred the cause to the county court of Motley county.

The judgment below will, accordingly, be reversed, and the cause remanded, with instructions to proceed in accordance with this opinion and of the statute last cited.

BUCK, J., disqualified and not sitting.