STATE ex rel. FRANCIS et al. v. WALLER et al. (No. 6192.)

Court of Civil Appeals of Texas. San Antonio. March 19, 1919. Rehearing Denied April 16, 1919.)

1. CORPORATIONS ⟨⟩613(1)—PROCEEDINGS TO FORFEIT CHARTER—WHO MAY INSTITUTE.

Under quo warranto statute (Rev. St. 1911, art. 6398), a proceeding to forfeit the charter of a corporation can only be instituted by the Attorney General, and the attempt to confer such power on the district or county attorney is in violation of Const. art. 4, § 22.

2. VENUE ⟨⟩28—SUIT AGAINST TRUSTEES OF SCHOOL DISTRICT.

Suit to oust defendants, trustees of a county line school district under control of C. county, in which defendants resided, from exercising or asserting any corporate right, franchise, privilege, or jurisdiction over that portion of the school district taken from a district in G. county, was an attack upon the corporate existence of the district, and the district, through its trustees, had the privilege of being sued in C. county, the situs of the district fixed by Vernon's Ann. Civ. St. Supp. 1918, arts. 2815a and 2815b.

3. VENUE ⟨⟩18—GENERAL RULE.

A general rule is that no person who is an inhabitant of the state shall be sued out of the county in which he has his domicile.

4. VENUE ⟨⟩18 — GENERAL RULE — EXCEPTIONS.

The general rule that no person who is an inhabitant of the state shall be sued out of the county in which he has his domicile prevails in all cases except cases coming clearly within one of the recognized exceptions.

5. VENUE ⟨⟩28 — SCHOOL DISTRICT — DOMICILE.

Vernon's Ann. Civ. St. Supp. 1918, art. 2815a, contemplated that the domicile of a school corporation shall be in the county which is given control and management of the public schools in the county line districts.

6. CORPORATIONS ⟨⟩503(1)—VENUE—GENERAL STATUTE.

Where there are no express provisions as to venue of civil actions against a certain class of corporations, general statutes relating to venue will govern as to such actions.

7. CORPORATIONS ⟨⟩503(1) — VENUE — PLACE OF BUSINESS.

When the Legislature has not given a local habitation to a corporation in establishing it, it should be sued where it has its place of business and where its principal business is transacted.

8. VENUE ⟨⟩28 — SCHOOL CORPORATIONS — DOMICILE.

In view of the act creating school districts, and declaring that trustees thereof are to be a body politic and corporate in law, the board of trustees is to all intents and purposes the corporation, and where they have their residence or place of business would be the domicile of the corporation.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Suit by the State, on the relation of William Francis and others, against Carl Waller and others. From the judgment rendered, relators appeal. Affirmed.

H. Duncan, Dist. Atty., of Gonzales, and Greenwood & Short and Dibrell & Mosheim, all of Seguin, for appellants.

John N. Gambrell, of Lockhart, and J. F. Carl, Geo. G. Clifton, and L. Allen, all of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by the state of Texas upon the relation of 30 citizens of Guadalupe county against Carl Waller, W. F. Ward, R. P. Harris, W. R. Smith, J. C. Dauchy, C. E. Tolhurst, and Bruce Harris, alleged to be "resident citizens of Caldwell county, Texas, and pretending to act as the lawful trustees of what is called 'Fentress Independent County Line School District,' embracing common school district No. 10 in Guadalupe county," praying that appellees be required "to answer by what warrant of legal right they and each of them claim to have, use, and enjoy the rights and privileges as school trustees over territory embracing the territory taken from common school district No. 10, in Guadalupe, and by what right they have ousted the relators, W. A. Francis, A. P. Gregg, and Robert Rector, from their office as school trustees of common school district No. 10 of Guadalupe county, and are assuming jurisdiction to levy and collect taxes against the property in said territory, and that the judgment of the court upon a hearing be that

said respondents, and each of them, be oust-ed from exercising or· asserting any corpo-rate right, franchise, liberty, privilege, or jurisdiction over that portion of territory taken from common school district No. 10, located in Guadalupe county, or any part thereof, herein described by metes and bounds, and designated as common school district No. 10 of Guadalupe county, and that the relators, W. A. Francis, A. P. Gregg, and Robert Rector, be restored to their office as trustees for said common school district No. 10 of Gaudalupe county, .and for costs of suit, and for general, relief." The court, after hearing the evidence offered by the parties, sustained the plea of privilege, and ordered the clerk to transmit all the papers in the cause to the district court of Caldwell county for docketing and trial as required by law.

Presumably, after the plea of privilege had been filed, appellants filed a paper that. is called "Relators' Amendment to Original Petition," in which it is stated that the suit was filed against the "Fentress Independ-ent County Line School District, as well as against the usurping trustees thereof, as named in said original complaint," and ap-pellants prayed that the charter and fran-chises of the school district be forfeited. The school district had never been summoned as a corporation; in fact, there was no prayer to have it cited to appear.

[1] It is settled in Texas that under the provisions of the quo warranto statute (Rev. St. 1911, art. 6398) that a proceeding to for-feit the charter of a corporation can only be instituted by the Attorney General of the state, and that the attempt to confer such powers on the district or county attorney is in violation of article 4, § 22, of the Constitu-tion. State v. Railway, 89 Tex. 562, 35 S. W. 1067; Brady v. Brooks, 99 Tex. 379, 89 S. W. 1052; Oriental Oil Co. v. State, 135 S. W. 722. It is true that the authority given by the Constitution seems to apply to private corporations alone, and that is all, it seems, to which article 6398 has any application; and it may be that, while the constitutional provision would prevent suits being brought for forfeiture of charters of private corpo-rations, except by the Attorney General, the statute would be valid in so far as it applies to public or quasi public corporations. It has been so treated by the decisions. Bren-nan v. City of Weatherford, 53 Tex. 330, 37 Am. Rep. 758; Graham v. Greenville, 67 Tex. 62, 2 S. W. 742; El Paso v. Ruckman, 92 Tex. 89, 46 S. W. 25; Crabb v. Celeste Ind. School Dist., 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Mineat v. McVea, 185 S. W. 1048. We as-sume, therefore, that the suit was properly brought.

[2] If the suit was one against Waller, Ward, R. P. Harris, W. R. Smith, Dauchy,

Tolhurst, and Bruce Harris as individuals the plea of privilege was properly sustained; but as they are alleged to be claiming to be trustees of Fentress Independent County Line School District we have an attack upon the corporate existence of the district, and the question is presented as to whether the district, through its trustees, has the priv-ilege of being sued in Caldwell county, the situs of its corporate existence.

[3] The general rule is that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domi-cile," to which there are a number of excep-tions.

[4] The general rule prevails in all cases unless a case is shown to come clearly with-in one of the recognized exceptions.· The word "domicile," used in the statute, has been held to be synonymous with "residence." Pearson v. West, 97 Tex. 238, 77 S. W. 944. It cannot be successfully claimed that the facts of this case bring it within the purview of either of the exceptions. There are sever-al exceptions as to fixing venue for corpora-tions, and they apply to private corporations and foreign corporations. A public or quasi public corporation is not mentioned in the exceptions to the general rule except in No. 28, where foreign public or private corpora-tions are mentioned, and the venue of suits against them fixed. It would seem to follow that the domicile of public or quasi pub-lic corporations must fix the place for the venue of cases against them.

[5] In 1909 an amendment to the Consti-tution validated school districts embracing territory in more than one county and the bonds issued by such districts, and authorized the levy and collection of an ad valorem tax to meet the interest and principal of such bonds. In 1911 the act of 1909 was amend-ed, and another amendment was adopted in 1917, which article as amended is 2815a, Revised Statutes, as appears in Vernon's Tex. Civ. & Crim. Supp. 1918. That law was in existence when this suit was filed, in De-cember, 1917. In the law as amended in 1917 the power, theretofore given to the county commissioners, to create common school dis-tricts containing territory in two or more counties, is confided to the boards of county school trustees of the several counties of the state. In that amendment, as well as in the act of 1911, it is provided that there shall be designated by either the trustees or com-missioners one of the counties having terri-tory in the district to manage and control the public schools in such district. That statute evidently contemplates that the domi-cile of the school corporation shall be in the county which is given control and manage-ment of the public schools in the county line districts.

[6] Where there are no express provisions as to the venue of civil actions against a

certain class of corporations, general statutes relating to venue will govern as to such actions.

[7] When the Legislature has not given a local habitation to a corporation in establishing it, it should be sued where it has its place of business and where its principal business is transacted. R. C. L. §§ 697, 698. The law gave Caldwell county control and management of the school district, the school trustees lived in that county, and necessarily the place of business of the district must have been in that county.

It is perhaps the better rule that the residence of incorporators or stockholders can have no influence in regard to the local residence of the ordinary corporation, as the legal identity of the corporation is separate and distinct from that of the members; but in the act creating school districts the trustees are declared to be a body politic and corporate in law, known under the title and name of district trustees of a district, with a certain number of a certain county, in the state of Texas, and as such may contract and be contracted with, sue and be sued, plead or be impleaded, etc.

[8] In fact, the board of trustees is, to all intents and purposes, the corporation, and where they have their residence or place of business would be the domicile of the corporation. Because they are trustees, and have been designated a "body politic and corporate in law," would not deprive them of the right to be sued in the county of their domicile. The law does not seem to contemplate the incorporation of the school district as such, but it is the trustees that are made the "body politic corporate in law," and all the power and authority is granted to them.

There is no merit in the contention that the trustees had been guilty of a tort in Guadalupe county in exercising control over property in the school district. The statement of the proposition bears its own refutation. And the suggestion that the suit is to recover schoolhouses and other property is an afterthought that is not supported by any pleading or prayer. The original object was to dispossess appellees of their office, to which was added, in a paper called an "amendment to original petition," but which is not under any rule of pleading an amendment, a prayer for forfeiture of the charter and franchises of the school district.

The sole proposition propounded by the pleadings is: Can the trustees of a county line school district be sued in any other than the county of control where the trustees live and the district has its situs? That situs in this case is fixed, not only by article 2815a, but also by article 2815b, which provides that "common county school districts, as provided for in section 50a (article 2815a), shall have all the rights, powers, and privileges of common school districts within the counties of this state, and for all school purposes shall be managed and controlled by the county named in the order creating such district." We have presumed that the school district was placed under control of Caldwell county, because it is not denied that such control was given to Caldwell county, and it is admitted that it is a body politic, operating in Guadalupe and Caldwell counties.

The decision in the case of Drainage Commissioners v. Giffin, 134 Ill. 330, 25 N. E. 996, which is relied on by appellants to sustain their proposition, that the trustees could be sued in either county of which the district was a part, held that the commissioners waived their right to be sued in a certain county by a failure to plead their privilege, and the further holding that the suit could be maintained in either county was unnecessary, and is not sound, at least under our statute. It does not appear from that case that the commissioners, and not the district, were incorporated.

Article 2308, cited by appellants, has no reference to suits in any but justices' courts, and of course cannot be invoked in this suit. It has no reference, either, to any but private corporations, associations, and joint-stock companies.

The case of Roaring Springs School Dist. v. McAbee, 187 S. W. 431, cited by appellants, does not sustain their contention, but, on the other hand, holds that the district should be sued "in the county of its existence and operation," and, further, that there was no exception to article 1830, Rev. Statutes, under which the district could be sued in a county other than the one described.

Exceptions 10 and 24 to article 1830 are cited by appellants as furnishing authority for institution of the suit in Guadalupe county; but first refers to suits for personal property, and the latter to private corporations, and do no have any applicability to this case. If the latter did apply, it could not help appellants, because the school district had no agency or representative or its principal office in Guadalupe county, and neither the cause of action nor a part of it arose in Guadalupe county. The principal office of the corporation was in Caldwell county, and its agents and representatives were in that county. No Texas authority has been presented by appellants justifying a suit in Guadalupe county.

The judgment is affirmed.