## BOARD OF SCHOOL TRUSTEES OF DALLAS COUNTY v. COLLIN COUNTY LINE SCHOOL DIST. NO. 22. (No. 10270.)

Court of Civil Appeals of Texas. Dallas. Jan. 5, 1928.

Tom C. Clark, of Dallas, for appellant.
Carl G. Miller, of Rockwall, for appellee.

VAUGHAN, J. Appellee, Collin County Line school district No. 22, filed this suit in the district court of Rockwall county against appellant, county board of school trustees of Dallas county, as an appeal from an order made by appellant on August 22, 1927, changing the boundary lines of appellee school district No. 22. Appellee was created as Collin County Line school district No. 22 by order of the commissioners' court of Rockwall county, Texas, on the ——— day of ———, A. D., 1905, and as created was composed of territory located in Dallas, Collin, and Rockwall counties. In creating said district the order did not name the county that should have control over said district. No action was ever taken by either Dallas or Collin counties, or any of the officials of said counties, in reference to the creation of appellee district, but that appellee, since the date of its creation, has been functioning as a school district; that appellee's affairs have been carried on by the officials of Rockwall county, including the selection of teachers, payment of salaries, and a school has been maintained within the same under the management and control of Rockwall county; that appellee is a body corporate, created by act of the Fortieth Legislature of Texas, page 124, chapter 82; that on August 22, 1927, appellant passed an order, by the terms of which the land forming a part of appellee school district located within Dallas county was taken from same and attached to Liberty Grove common school district No. 6, located wholly within Dallas county; that notice of appeal to the district court of Rockwall county was given to the president of appellant board by appellee within ten days after said order was passed by appellant.

Appellant filed its plea of privilege to be sued in Dallas county, and, as grounds for said plea, alleged: That the domicile of appellant, as well as its place of business, was in Dallas county, Texas; that all of its officers and agents were residents of said county; that appellant had no agent in Rockwall county, and did not carry on or transact any business whatever in Rockwall county; that no exception to exclusive venue in the county of one's residence, provided by law, existed in said cause. In due time, appellee filed its controverting plea to said plea of privilege, of which plea it is only necessary to notice the following portion thereof:

"That this suit was instituted under and by virtue of Senate Bill No. 375, chapter 82, of the Laws of the Fortieth Session of the Texas Legislature; that said law provides that, if any person who resides in a school district is dissatisfied with the act or order of the county board of trustees of the county, he may, after giving ten days notice to the said county board of school trustees, appeal to the district court of the county in which

said district is located; and that said notice has been given and that said Collin County Line school district No. 22 is located in Rockwall county, Texas, for all legal purposes, and all business of said district is and has been carried on in said Rockwall county, Texas; that said school district No. 22 is composed of territory located in Dallas, Collin, and Rockwall counties, with Rockwall county as controlling head and the domicile of said district."

■ Appellant filed its motion to strike from the record appellee's controverting plea, and, as grounds for said motion, alleged that appellee "failed to state in said plea any exceptions contained in article 1995 of the R. C. S. of 1925." The statute on the authority of which this suit was instituted, viz. section 9, Act Fortieth Legislature, supra, definitely fixes the venue of suits of this nature, namely: "In all cases where changes have been made in the territory of existing school districts, any party aggrieved shall have the right to appeal to a district court of the county in which such school district is located." And subdivision 30 of article 1995, supra, dealing with special venue, provides: "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Therefore, it was not incumbent upon appellee to allege in its controverting plea facts that would bring its cause within any one of the exceptions to the venue statute. The court did not err in refusing to sustain appellant's motion to strike appellee's controverting plea from the record.

■ Appellee district is not territorially located wholly within either Dallas, Rockwall, or Collin counties, therefore, territorially it cannot be said that said district is located in either one of said counties, further than same is located partially in each one of said counties. The language "where changes have been made in the territory of existing school districts" was intended to confer upon "any party aggrieved," either with reference to the territory taken from a school district or territory added to a district, the right to "appeal to a district court of the county in which such school district is located," and applies to all districts effected by such change, each appeal to be made to the district court of the county in which the districts are respectively located. It will be noted that no reference is made to the residence of the "party aggrieved," the act fixing venue specifically to be in the county in which the school district is located. Appellee was aggrieved because of the change made in the territory of its school district. It is an undisputed fact, that Rockwall county is and has been the controlling head of appellee school district, and

the county in which all business of said district has been transacted, and has had control and management of the schools in said district since its organization.

Therefore, as the territory of said district is located in three different counties, namely, Dallas, Rockwall, and Collin, and it cannot be said territorially that said school district is located in either one of said counties, then, applying the rule of reason to the language "shall have the right to appeal to the district court of a county in which said school district is located," it logically follows that the county in which said district was created, and in which it had conducted all of its business affairs, should be considered, within the meaning of section 9, supra, the county in which said school district is located, namely, Rockwall county. State ex rel. Francis et al. v. Waller et al. (Tex. Civ. App.) 211 S. W. 322.

The trial court properly overruled said plea of privilege, and this cause is affirmed.

Affirmed.