The judgment is reversed, and bail is granted in the sum of $7,500.

## TEXAS EMPLOYERS' INS. ASS'N v. COLLIER.

### No. 1327.

Court of Civil Appeals of Texas. Eastland.
Nov. 23, 1934.

Lawther, Cox & Cramer, of Dallas, for appellant.

Houston & Johnson, of Dallas, for appellee.

HICKMAN, Chief Justice.

The appeal is from an order overruling a plea of privilege. Appellee instituted this suit as an original proceeding in the district court for the purpose of setting aside a compromise agreement alleged to have been procured by fraud. Appellant filed its plea of privilege to be sued in Dallas county, the county of its domicile. The controverting affidavit, omitting its formal parts, was as follows: "That Texas Employers Insurance Association, defendant named in plaintiff's petition, is a private corporation created by an act of the Legislature, article 8308 of the Revised Statutes of 1925, and named in said act as an association, and that said corporation or association has an agency or representative in the county of Wichita, State of Texas, in which county this suit is pending, and that therefore venue is properly laid in Wichita County under the provisions of subdivision 23 of article 1995 of the Revised Statutes of 1925."

■■ It is provided in article 1995, R. S. 1925, that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases." The exceptional provision relied on by appellee to maintain venue in Wichita county is one of the provisions of subdivision 23 of this article, reading as follows: "Suits against a private corporation * * * may be brought in any county * * * in which such corporation * * * has an agency or representative. * * *" The controverting plea limited appellee's ground for maintaining venue in Wichita county to the single exception that appellant is a private corporation maintaining an agency or representative in Wichita county. No other exceptional provision can be considered. Upon the hearing it was established that appellant is the association mentioned in the Workmen's Compensation Law of Texas and created by part 3 of that law, R. S. 1925, art. 8308. In order to maintain the venue as laid, it was incumbent upon appellee at the hearing to establish the venue facts relied upon. Under his controverting plea these facts were (1) that appellant is a private corporation, and (2) that it had an agency or representative in Wichita county. He established the fact that appellant had an agency or representative in that county, and

the only question presented is whether he established the fact that appellant is a private corporation. No attempt was made to fix venue upon the theory that a fraud had been committed in Wichita county. The controverting plea did not rely upon that exception, and no evidence was offered thereon. The inquiry is limited to a determination of the single question of whether appellant is a private corporation. If it is not, appellee failed to establish the venue facts, and the general rule that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, applies. State v. Waller (Tex. Civ. App.) 211 S. W. 322.

The courts have experienced some difficulty in naming the legislative offspring known as Texas Employers' Insurance Association, but it may be said with confidence that they have definitely decided that it is not a private corporation. The leading case is Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556, 562, wherein the Supreme Court held: "The insurance association created by the Act is not a private corporation. * * *" This holding was followed in City of Dallas v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 245 S. W. 946. It is not easy to reconcile that holding with the language employed by the Commission of Appeals in City of Tyler v. Texas Employers' Ins. Ass'n, 288 S. W. 409. However, in an opinion on rehearing in the latter case, 294 S. W. 195, the Commission denies the existence of any conflict in this language: "We have not overruled the Middleton Case, nor have we questioned any holding made therein, nor do we doubt the correctness of that decision." This latter opinion holds that the association has the elements of a private corporation. The burden resting upon appellee was to establish, not that appellant had the elements of a private corporation, but that it is, in fact, such a corporation. The cases above cited are authority for the holding that it is not a private corporation. We deduce from the authorities that it is a public, or quasi public corporation. Certainly it is a corporation of some character. From this it follows that the plea of privilege should have been sustained.

We think it well specifically to call attention to the fact that this is not an appeal from a ruling of the Industrial Accident Board, in which case venue is fixed by the terms of the Workmen's Compensation Law, but that this is an original action seeking to set aside an instrument alleged to have been procured by fraud.

On a former day we affirmed the judgment below. The briefs did not present the question that appellant is not a private corporation, and it never occurred to us to investigate the matter, but in appellant's motion for rehearing the question is presented, and a consideration thereof has convinced us that we erred in our former judgment of affirmance.

It is therefore ordered that the motion for rehearing be granted; that the judgment heretofore entered herein be set aside and held for naught; that the original opinion be withdrawn and this opinion substituted therefor; and that the judgment of the trial court be reversed and the cause remanded, with instructions to the court below to transfer the venue of this cause to the proper court of Dallas county.

Reversed and remanded with instructions.