**ROWAN DRILLING CO. v. LE BUS et al.**

No. 5223.

Court of Civil Appeals of Texas. Texarkana.

June 16, 1938.

Rehearing Denied June 30, 1938.

Tilley & Tocker and Wilson Johnson, Jr., all of Fort Worth, and Shepperd & Stanford, of Longview, for appellant.

Hatchell & Hatchell, of Longview, for appellees.

HALL, Justice.

This is an appeal from an order of the County Court of Gregg County overruling appellant's plea of privilege. Appellee instituted suit in the County Court of Gregg County against appellant for debt alleged to be owing by it for work done and materials furnished under a verbal contract made and entered into in Gregg County, Texas. Appellees alleged that said cause of action, or a part thereof, arose in Gregg County. They also alleged that the labor performed and materials furnished by them to appellant was evidenced by written instruments signed by appellant or its duly authorized agents which provided that "all bills payable our office in Longview, Texas," which instruments constituted an agreement in writing to pay such accounts in Gregg County. In due time appellant filed its plea of privilege claiming its residence in Tarrant County, Texas, and that no exception existed under the law authorizing the suit against it out of the county of its residence. Appellees filed to this plea their controverting affidavit alleging, as in their

petition which was made a part of said affidavit, that the cause of action against appellant, or a part of it, arose in Gregg County, and that the invoices evidencing said work done and material furnished signed by the agents of appellant constituted a "written contract to be performed in Gregg County."

Appellees seek to fix the venue in Gregg County under subdivisions 5 and 23 of Article 1995, R.C.S. Subdivision 5 as amended by the 44th Legislature, Vernon's Ann.Civ.St. art. 1995, subd. 5, provides that a person may by a contract in writing agree to perform "an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." The contracts in writing by which it is sought to fix the venue of this case in Gregg County consists of certain invoices, work sheets, and a rental tool contract. These written instruments are no more than their designation implies. Most of them show a Longview, Texas, date line, but nowhere in any of said instruments does it appear that payment for the work done or materials furnished is to be in Longview or Gregg County. A written instrument by which it is sought to fix venue in a county other than that of the residence of a defendant must either by express terms or necessary implication designate such county in which suit may be brought, and said writing alone can be looked to for this necessary provision of the statute. Stribling v. American Surety Co. of N. Y., Tex.Civ.App., 41 S.W.2d 300, and authorities there cited. When measured by this rule the written instruments appearing in this record fall short in this respect of meeting the requirements of subdivision 5 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5.

We shall next consider if this cause of action may be maintained in Gregg County under subdivision 23 of Article 1995, R.C.S. That part of subdivision 23 applicable here is "suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated * * *." In both the original petition and controverting affidavit the allegation is made by appellees that appellant is a private corporation. Appellees offer testimony to the effect that this cause of action, or a part thereof, arose in Gregg County. They also offer testimony tending to show that two of the persons who signed invoices, work sheets, and rental tool contract were the agents of appellant, but there was no evidence offered by appellees that appellant was a private corporation. Having made the allegation that appellant was a private corporation in both the original petition and in the controverting affidavit in an effort to fix venue of this cause of action in Gregg County under Subdivision 23 of Article 1995, R.C.S., the burden rested with appellees to establish such allegation. Texas Employers' Ins. Ass'n v. Collier, 77 S.W.2d 878 (opinion by Chief Justice Hickman, Eastland Court of Civil Appeals, now of Commission of Appeals); Maytag Southwestern Co. v. Rupert, Tex.Civ.App., 95 S.W.2d 728.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded with instructions to the court below to transfer this cause to the proper court of Tarrant County, Texas.

The judgment is reversed and remanded with instructions.