## UNDERWRITERS LIFE INS. CO. v. BORNEMANN.

### No. 8960.

Court of Civil Appeals of Texas. Austin.

June 5, 1940.

Richey, Sheehy & Teeling, of Waco, for appellant.

Jerome Sneed, Jr., and G. A. Martins, both of Austin, for appellee.

BAUGH, Justice.

Appeal is from an order of the trial court overruling appellant's plea of privilege to be sued in McLennan County, where its principal offices are located. The plea was controverted and a hearing had thereon. Appellee sued appellant, alleging that it was a corporation, for $250 on an insurance policy on the life of her husband in which she was named beneficiary. He was killed on December 24, 1938. She alleged that appellant had possession of the policy, and gave it notice to produce same.

In her controverting affidavit, she predicated venue in Travis County on the provisions of Sec. 28a of Art. 1995, Vernon's Ann.Civ.Tex.Stats., and Sec. 17 of Art. 4859f, Acts 43rd Legislature, c. 245, and the fact that she and her husband resided in Travis County at the time of his death.

Appellant contends in its several propositions that appellee did not make the proof of venue facts sufficient to overcome its plea of privilege:

1. In that she did not prove that appellant came within either of the articles of the statutes above cited;

2. That she did not prove that a policy had been issued to her deceased husband.

The latter contention cannot be sustained. The policy was alleged to have been in possession of appellant, and having failed to produce it, after notice given, appellee was entitled to offer secondary evidence thereon. This evidence consisted of a notice sent by appellant, mailed at Waco to the insured at Austin, identifying his policy with it by number, and stating that his next premium thereon would be due on December 30, 1938. This notice was found in the deceased's pocket when he was killed on December 24, 1938. Also a letter from appellant mailed to and received by A. B. Wusterhausen, nephew and agent of appellee, in response to his notice to appellant by long distance call of the death of the insured, in which the appellant enclosed forms for proof of death, and in which it stated that the deceased held a policy in said company specifically designating it by number. Absent the policy, which absence was occasioned by the failure or refusal of the appellant to produce it, this notice and letter clearly constituted an admission by appellant that the deceased carried a policy with it, and made prima facie proof of the existence of the policy.

It was not necessary, as is apparently urged by appellant, for appellee on the venue hearing to show a right of recovery on the policy. That was a matter for trial on the merits. The rule announced in Compton v. Elliot, 126 Tex.

232, 88 S.W.2d 91, and other similar cases, wherein the venue itself is dependent upon a prima facie showing of a right of recovery, is not applicable here. This case is controlled by the rule announced in Davis v. Texas Life Ins. Co., Tex.Civ.App., 22 S.W.2d 960, cited with approval by the Supreme Court in Farmers Seed & Gin Company v. Brooks, 125 Tex. 234, 81 S.W.2d 675, where venue facts, such as suits on a written instrument specifying place of performance, are not dependent upon a right of recovery on the instrument, but upon proof of its execution and place of performance.

 Appellant's first contention, however, must be sustained. Art. 1995, Sec. 28a, Vernon's Ann.Civ.Tex.Statutes (Acts 1931, 42nd Leg., p. 251, Ch. 150, § 1), relied upon by appellee in her controverting plea, authorizes suit in the county of the beneficiary's residence, upon any policy issued by a fraternal benefit society or a statewide mutual assessment company, whether incorporated or not. There was no proof whatever that appellant belonged to, was classified as, or did business under, either of these classifications. There are no allegations in the petition of appellee that it belonged to either of these classes. On the other hand, it was sued merely as a corporation, and alleged to be such. Appellee, on the hearing herein, failed to prove this allegation.

While the Legislature (Acts 1939, 46th Leg.S.B. #70, c. 27, Sec. 1), Vernon's Ann.Civ.St. art. 2007, amended Art. 2007, R.C.S.1925, by adding thereto the following: "provided that such plea shall not be construed to embrace any of the matters set forth in the Revised Civil Statutes, Article 2010," this amendment did not become effective until January 1, 1940, and was not therefore applicable when this hearing was had in July, 1939. Though there had been some confusion and uncertainty, prior to the 1939 amendment, as to whether, under the provisions of Art. 2010, a plaintiff, as against a plea of privilege duly filed by a defendant, was required on a hearing on such plea to prove, as an essential venue fact, that the defendant was a corporation, it has been definitely held that where this fact was a basis for retaining venue where the suit is filed, he must make such proof. See Texas Employers Ins. Ass'n v. Collier, Tex.Civ.App., 77 S.W.2d 878; Stockyards Nat. Bank of Ft. Worth v. Alexander, Tex.Civ.App., 113 S.W.2d 288; Rowan Drilling Co. v. Le Bus, Tex.Civ.App., 119 S.W.2d 97. Doubtless it was in the light of these decisions that Art. 2007 was amended in 1939. The instant case, however, is referable to the statute prior to such amendment; and under the cases cited it was incumbent upon the appellee to prove, as an essential venue fact, that the appellant was a corporation, as alleged. This she failed to do.

It is not necessary, however, for us in reversing the action of the trial court to order it transferred to the County Court of McLennan County. It is now settled that where a case, including orders on pleas of privilege, has not been fully developed, and the ends of justice may be best subserved by a remand, rather than a rendition thereof, it may be remanded to the trial court for another hearing, instead of being rendered. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; Brown v. Cox, Tex.Civ.App., 53 S.W.2d 848; Jones Fine Bread Co. v. Smith, Tex.Civ.App., 136 S.W.2d 234.

Accordingly the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.