## HOUSTON MILLING CO., Inc., v. CARLOCK et al.

No. 2477.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1944.

Fountain, Cox, Gaines & Wilcox, of Houston, and Woodruff & Holloway, of Brownwood, for appellant.

Gib Callaway, of Brownwood, for appellee.

FUNDERBURK, Justice.

Alvin L. Carlock and Herman Brice, residents of Brown County, brought this suit in said county against Houston Milling Company, Inc., a corporation, with its place of residence in Harris County, and M. B. Healer, a resident of Brown County, to recover damages for the destruction by fire of personal property of plaintiffs, allegedly caused by negligence of defendants. The defendant, Houston Milling Company, Inc., duly filed a plea of privilege to be sued in Harris County. By controverting plea plaintiffs sought to sustain venue in Brown County under Exceptions 4, 23 and 29a to the general rule of venue, Vernon's Ann.Civ.St. Art. 1995. Upon hearing, the Court overruled the plea of privilege, from which action Houston Milling Co., Inc., has appealed. Houston Milling Co., Inc., will hereinafter be referred to as appellant.

Under Exception 4, the "venue facts" necessary to be tendered as issues, by the controverting plea and be established by the evidence are: (1) that two or more defendants properly joined in the suit reside in different counties; (2) that (at least) one of the defendants resides in the county where the suit is brought; (3) that

there exists each and all of the several elements of the cause of action alleged against the resident defendant.

In our opinion, plaintiffs' controverting plea, considered as including by reference their petition in the case does not allege a cause of action against the resident defendant, M. B. Healer. The theory of liability alleged against Healer was his failure to notify the wife of one of the plaintiffs that hay was being stored in the same building with plaintiffs' stored property. The only alleged duty of Healer to give such notice was his promise to do so. There were no allegations to show that the promise was an obligation of a contract. On the contrary, according to the allegations, Healer's failure to notify as promised was negligence—a tort. In our opinion, one, otherwise under no legal duty to do a thing and not assuming any contract obligation to do it, is not guilty of a tort by merely promising to do it and failing to keep such promise.

Even if the pleadings could be said to allege a cause of action for negligence against Healer, the evidence failed, in important particulars, to sustain the allegations. As a matter of law, we think, the alleged negligence, if any, was not a proximate cause of the injuries. The venue, in our opinion, was, therefore, not sustained under Exception 4.

Under Exception 29a it was necessary to plead and prove that appellant was a *necessary* party to the suit, considered as a suit against the resident defendant, Healer. If, as we have held, no cause of action was alleged against Healer, then it follows, of course, that appellant was not a necessary party.

Upon the other contingency, if a cause of action was alleged against Healer, it was not the same cause of action alleged against appellant. If two causes of action —one against Healer and one against appellant—could properly be joined in one suit, it would not follow that it was *necessary* that they be joined. In our opinion, even if a cause of action was alleged against Healer, appellant was not a necessary party to the suit. Hence, it is our conclusion that the venue was not sustained under Exception 29a.

Exception 23, although denominated a single exception, embraces at least two exceptions, or, in other words, two or more different and distinct combinations of "venue facts," each combination in itself sufficient to constitute an exception to the general rule of venue. One such provision is that the venue of a suit against a private corporation may be brought "in the county in which the cause of action or part thereof arose." The other is that such a suit may be brought "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county." (There is an alternative to the last provision which, being in no way involved, it is unnecessary to state.)

It is difficult to see why the last provision should ever be invoked to sustain the venue of a suit when the plaintiff was at the time a resident of the county wherein the cause of action, or a part thereof, arose. He would undoubtedly in relying upon that provision assume a needless added burden of pleading and proof. Be that as it may, we shall predicate our conclusions upon the first of said two provisions, wherein the venue facts necessary to be pleaded and established, stated in general terms, are: (1) that the suit is one against a private corporation; (2) that the (alleged) cause of action against such corporation has arisen; and (3) that it arose wholly, or in part in the county where the suit is brought.

As to the first of said venue facts, plaintiffs in their controverting plea alleged that appellant was a private corporation. It is provided by Rule 52, Texas Rules of Civil Procedure, that "An allegation that a corporation is incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney * * *." In Article 2007, Vernon's Ann.Civ.St., it is declared that a statutory plea of privilege "shall be prima facie proof of defendant's right to change of venue," but with the qualification in an amendment of said article that "such plea shall not be construed to embrace any of the matters set forth in the Revised Civil Statutes, Article 2010." Said Article 2010 is supposed to have been repealed, and instead thereof Rule 93, Texas Rules of Civil Procedure, has been established. This rule provides, among other things, as follows: "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. * * * That any party alleged

in any pleading to be a corporation is not incorporated as alleged. * * * Any other matter required by statute to be plead under oath." Under said Amendment of Art. 2007, we think the alleged fact that appellant is a corporation, in the absence of a verified denial thereof (other than by the plea of privilege), stands as proved. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Underwriters Life Ins. Co. v. Bornemann, Tex.Civ.App., 141 S.W.2d 1005.

As to the second and third venue facts, it is obvious that if there was evidence to support the second, there was also evidence to support the third. In fact, if the cause of action arose anywhere, then, under the uncontroverted evidence, it arose in Brown County.

What we have denominated the (2d) venue fact is, in truth, a group of venue facts, each an essential element in the cause of action alleged. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. In our opinion, the evidence raised issues of fact upon each of the several elements of the alleged cause of action. Such elements may be listed thus: (1) the act of stacking, in a closed building where plaintiffs' property was stored, large quantities of green and wet hay; (2) that such act was negligence; (3) that such negligence was a proximate cause of the injury to plaintiffs' property; (4) that plaintiffs sustained damages. There was direct evidence of the stacking in the building of large quantities of green and wet hay. There was evidence that the stacking of green or wet hay was calculated to produce fire by spontaneous combustion. There was some evidence tending to exclude the operation of other causes of the fire. That the hay caught fire was an undisputed fact. The evidence, we have concluded, warranted, as not unreasonable a number of different inferences: (1) that the fire was caused by the stacking of the wet and green hay, (2) that such cause was negligence, and (3) such negligence was a proximate cause of the damage to plaintiffs' property. There was other and direct evidence of the value of the property so destroyed. As said already, the evidence showed that the cause of action, if any, arose in Brown County.

It is, therefore, our conclusion upon the whole that there was no error in overruling the plea of privilege, and the judgment should be affirmed. It is accordingly so ordered.