**SAFETY CONVOY CO. et al. v. POTTS.**
No. 2692.

Court of Civil Appeals of Texas. Eastland.
Oct. 22, 1948.

Rehearing Denied Nov. 12, 1948.

Leachman, Matthews & Gardere, of Dallas, Thomas & Thomas, of Big Spring, and David C. McCord, Jr., of Dallas, for appellant.

James Little, of Big Spring, for appellee.

GRISSOM, Chief Justice.

Gladys Potts sued Safety Convoy Company, a corporation, and Walter W. Downing, for damages caused by the collision of Safety Convoy's truck driven by Downing, and an automobile driven by the husband of Gladys Potts. Mrs. Potts alleged her husband was driving west on Highway 80 in Howard County when they met the Safety Convoy Company truck going east; that when they were a few yards apart Downing turned the truck from his right hand side of the highway over the center line and onto his left hand side into the pathway of the Potts car and the vehicles collided, causing the death of Mr. Potts and injuring Mrs. Potts. She alleged Downing drove the truck on his left half of the highway; that Downing failed to give Potts half of the traveled portion of the highway; that Downing was driving the truck with a portion of same upon his left hand side of the highway; that such actions were in violation of the penal statutes; that each of said acts of Downing constituted negligence which was a proximate cause of the collision and the death of Mr. Potts and injury of Mrs. Potts.

Each of the defendants filed a plea of privilege. Plaintiff filed controverting affidavits in which she asserted that the acts of defendants heretofore mentioned constituted crimes and trespasses committed by defendants in Howard County and that the cause was maintainable there under Subdivision 9, Art. 1995, Vernon's Ann.Civ.St., and that Safety Convoy Company was a private corporation and the cause of action asserted arose in Howard County and, therefore, under Exception 23, Art. 1995, venue was in Howard County.

Upon a trial to the court, said pleas of privilege were overruled and defendants have appealed.

It was agreed that at the time of the collision Downing was an employee of Safety Convoy Company and was operating the truck in the course of his employment, as alleged by appellee. No findings of fact or conclusions of law were requested.

The testimony of Patrolman Whitehorn who arrived at the scene a few minutes after the collision, was to the effect that the left front part of the truck struck the left front part of Potts automobile and caved in the portion of the automobile where the driver sat. His testimony as to the marks on the highway at the scene of the collision tended to show that at the time of the collision the truck was not on its right hand side of the paved highway but that two-thirds of the truck was then over on its left hand side (north side) of the highway. All of the evidence indicates that the vehicles struck with tremendous force and that the automobile was knocked off of its right hand side of the highway and the truck continued across its left hand side of the highway and the car and cab of the truck were turned in opposite directions from that in which they were traveling at the time of the collision. The collision occurred on a public highway in Howard County. Mrs. Potts testified that when the truck struck her car the Potts' automobile was on its right hand side of the highway.

The patrolman testified that he arrived at the scene of the collision within a few minutes after it occurred and while the Potts were still in their car and talked with Downing; that Downing said he was lighting a cigarette at the time of the collision and "guessed his truck must have wandered across the road * * *." There was no objection made to this testimony. Sometime afterwards, Safety Convoy Company moved that the testimony be excluded as to it because it was "immaterial and irrelevant and is not in the scope of his employment to make the statements." Thereupon appellee's counsel stated to the court that he would further develop the testimony to show that Downing's statement was res gestae. However, appellant's counsel insisted on then taking said witness on cross examination and proceeded to cross examine him at length and in great detail and the motion to exclude was not

thereafter called to the attention of the court and no further reference was made thereto or ruling had thereon. Whitehorn had previously testified that when Downing made the statement, Downing knew Potts had been killed and Downing was then excited. Under these circumstances, we believe the statement of Downing may be considered in determining whether or not the evidence is sufficient to sustain a presumed finding that a crime and trespass was committed by appellants in Howard County, under Subdivision 9, Art. 1995, and that a cause of action arose against the corporation in Howard County, under Subdivision 23, Art. 1995.

■ However, regardless of the admissibility of the alleged res gestae statement of Downing against Safety Convoy Company as to the cause of the collision, we are of the opinion the court had the right to conclude, as it presumably did, that a trespass was committed by Downing in Howard County for which both defendants were responsible. We are of the opinion that venue was properly sustained in Howard County under Exception 9, Art. 1995 on the ground that a trespass was committed there by Downing, while acting for Safety Convoy Company within the scope of his employment. Also, that the court had a right to conclude that the cause was maintainable in Howard County under said exception because Downing did not drive on his right half of the highway; failed to give half of the highway to Potts and drove on his left side of the highway under circumstances prohibited by Sections 52 and 53, Art. 6701d, Vernon s Ann. Civ.St.

Exception 9, Art. 1995, as amended Acts 1947, 50th Leg. p. 739, Ch. 366, § 1, Vernon's Ann.Civ.St. art. 1995, subd. 9, now provides:

"A .suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed, *whether committed by the defendant or by his agent or representative,* or in the county where the defendant has his domicile."

■ The italicized portion of said exception was added, we think, for the purpose of holding venue as to a principal in the county where his agent or representative was shown to have committed a crime without the necessity of proving on the hearing of the plea of privilege that the principal was present or participated in the commission of the crime. It is immaterial here whether or not it also changed the established rule, announced in Brown Express, Inc., v. Arnold et ux., 138 Tex. 70, 72, 157 S.W.2d 138, as to proof of the principals' liability for a trespass. Here it is admitted Downing was the corporation's agent and acting within the scope of his employment when he struck the Potts' car. The evidence,. we think, is sufficient to sustain a presumed finding that Downing, by driving the truck on his left hand side of the highway into the Potts automobile, committed both a crime and a trespass in Howard County. Under the testimony, appellant's admission and the statute, the cause was maintainable in Howard County under Exception 9 against Safety Convoy Company as well as Downing.

■■ Appellee's allegation that Safety Convoy Company was a private corporation was not denied. Therefore, proof of said allegation was not required. Houston Milling Co., Inc., v. Carlock et al., Tex.Civ. App., 183 S.W.2d 1013, 1015; Underwriters Life Ins. Co. v. Bornemann, Tex. Civ.App., 141 S.W.2d 1005, 1007; Texas Rules of Civil Procedure, rule 86, R.C.P. 93(g); R.C.P. 52. See also Art. 2007, as amended, Acts 1939, 46th Leg., p. 204, § 1, Vernon's Ann.Civ.St. Art. 2007. The evidence heretofore mentioned is sufficient to show that a cause of action arose against Safety Convoy Company in Howard County. We think venue was properly maintainable there against the company under Subdivision 23, Art. 1995.

The judgment is affirmed.