DELTA WESTERN TRANSPORTATION
CORP., Appellant,

v.

PLANTATION FOODS, INC., Appellee.

No. 4889.

Court of Civil Appeals of Texas,
Waco.

May 21, 1970.

Lew W. Harpold, Hofheinz & James, Houston, Naman, Howell, Smith & Chase, Waco, for appellant.

Beard & Kultgen, Thomas L. Cook, Waco, for appellee.

OPINION

WILSON, Justice.

In this plea of privilege case plaintiff relies on subd. 23, Art. 1995, Vernon's Ann.Civ.St., to maintain venue in its suit against defendant transportation corporation.

Defendant is a carrier engaged in transportation for hire of exempt commodities which are authorized to be transported in interstate commerce without regulation by the Interstate Commerce Commission. Defendant contracted to transport frozen turkeys from McLennan County, where the suit is pending, to Philadelphia, Pennsylvania. There is evidence the turkeys were in good condition when delivered to defendant in McLennan County, but were spoiled when delivered at destination.

Plaintiff contends it discharged its burden under subd. 23 to establish that a part of its cause of action to recover the value of the turkeys arose in the county of suit. It relies on the rule stated in Missouri-Pacific Railroad Company v. Elmore & Stahl (Tex.Sup.1963), 368 S.W.2d 99, 101, aff'd, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194, that proof the shipment was in good condition when delivered at place of origin to the carrier,

and was in damaged condition when delivered by it at destination, makes a prima facie case against the carrier.

 Defendant urges the rule in that case is inapplicable because it is an exempt carrier. As we understand its position, it argues that the common law rule was applied in the cited case only because the carrier was subject to Federal statutes and decisions. Appellant does not tell us, however, what law should be here applied. We agree with appellee that in the present case the same common law rule should govern. Art. 882, V.A.C.S., provides, "The duties and liabilities of carriers in this State and the remedies against them, shall be the same as are prescribed by the common law except where otherwise provided by this title". Art. 886 provides for liability of carriers "as at common law".

Defendant then insists that the proof shows the shipper instructed it not to turn on the truck's refrigeration unit, but to deliver the turkeys in "less than frozen condition" by sealing the truck doors closed; and the shipper's instructions resulted in spoilage of the turkeys. It says the rule in A. J. Tebbe and Sons Co. v. Brown Express, 161 Tex. 456, 341 S.W.2d 642, precludes liability.

 While these facts may possibly constitute a defense to the suit on its merits, defenses and evidence which negate liability are not at issue in the plea of privilege hearing, where venue is the only issue. Farmers' Seed and Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234; 60 Tex.Jur.2d Secs. 199–200, pp. 17–26. See Herrin Transp. Co. v. Sheldon, Tex.Civ.App., 209 S.W.2d 943, 946, syl. 4; 11 Tex.Jur.2d, Carriers, Sec. 599, p. 380.

 Plaintiff's evidence is sufficient to show that a part of the cause of action against the corporation arose in McLennan County under subd. 23, and it is unnecessary to pass on appellant's point concerning subd. 24.

 Erroneous admission in evidence of an account is the subject of another point. The document does not affect the venue issue, and the error is harmless.

Affirmed.