**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Dan FINCH et ux., Appellees.**

No. 758.

Court of Civil Appeals of Texas, Tyler.

June 13, 1974.

Sharp, Ward & Ross, T. John Ward, Longview, for appellant.

Carter, Jones, Magee, Rudberg, Moss & Mayes, John E. Agnew, Dallas, for appellees.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee Dan Finch, joined by his wife, Netta Finch, in-

**52**

stituted this as an original proceeding in the District Court of Henderson County against the appellant, Texas Employers' Insurance Association, for breach of contract. As grounds for a cause of action, appellee alleged that on September 28, 1971, he entered into a compromise settlement agreement with the appellant under the terms of which appellant paid him the maximum amount of disablity benefits under the workmen's compensation law of Texas, and that as a part of the settlement appellant further agreed to pay all future medical and hospital expenses incurred by him as a result of his injury; that on June 8, 1973, appellee made demand on appellant for nursing services but such demand was ignored by appellant. His prayer was for the sum of $1,000.00 for past nursing services and the sum of $500.00 for future nursing services.

Appellant filed its plea of privilege to be sued in Dallas County, the county of its domicile. Appellee contested the plea of privilege by filing a controverting affidavit alleging that the cause of action was maintainable in Henderson County under Subdivision 23 of Article 1995, Vernon's Ann. Tex.Civ.Stat., in that defendant is an "association"; that plaintiffs each reside in Henderson County, Texas; and that the cause of action or a part thereof sued upon arose in said county.

It is provided in Article 1995 that "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *." The exceptional provision relied on by appellee to maintain venue in Henderson County is Subdivision 23, reading in part as follows: "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; * * *." Appellee did not allege that appellant was a private corporation or a joint stock company, but only alleged that appellant was an "association."

In order to maintain venue in Henderson County, it was incumbent upon appellee at the hearing to establish all venue facts required by the provisions of Subdivision 23. These facts were (1) that the defendant was an "association" and (2) that the cause of action or a part thereof arose in Henderson County.

The facts are not in dispute. On the 17th day of October, 1969, appellee, while in the course and scope of employment for Lone Star Producing Company, received an accidental injury, resulting in total and permanent disability. At the time of his injury appellee was insured by a policy of Workmen's Compensation Insurance issued by the appellant. On September 28, 1971, appellee entered into a compromise settlement agreement with appellant under the terms of which he was paid a maximum amount of disability benefits payable under the terms of the Workmen's Compensation Law of the State of Texas. As a part of the settlement appellant agreed to pay all future medical and hospital expenses incurred as a result of said injury and approved in advance by the appellant. The written agreement shows to have been executed in Athens, Henderson County, Texas. Appellee made written demand by letter properly addressed to the appellant to pay for the nursing services performed by his wife from and after June 8, 1973. Appellant made no response to the letter and has not paid for any of said alleged nursing services. Appellee offered proof showing the necessity of nursing services and the reasonable cost thereof.

By its first point appellant seeks a reversal on the ground that the trial court erred in refusing to permit appellant to offer evidence showing appellee settled and released a claim against a third party for the same injuries made the basis of his workmen's compensation claim against appellant. By way of a bill of exception appellant proved that after appellee settled his compensation claim, he filed a common law action for damages against Big Chief Drilling Company alleging that his injuries

were caused by the negligence of the drilling company. Appellant intervened in the case and the suit was subsequently settled for the sum of $209,805.07 with appellant being awarded the sum of $40,194.93 for compensation benefits paid appellee under its policy of insurance. Appellant argues that the settlement of the third party claim amounts to a bar of appellee's cause of action against it for further workmen's compensation benefits under Subdivision 6a of Article 8307, V.A.T.S. Consequently, appellant takes the position that appellee failed, as a matter of law, to establish a cause of action against it and therefore the judgment must be reversed. We are not in accord with this proposition.

■ Upon the hearing of the plea of privilege, the issue is one of venue only and not liability. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (Tex.Com.App.1935); Clark, Venue in Civil Actions, Ch. 36, sec. 2C, p. 246. While the facts set forth by appellant's bill of exception may possibly constitute a defense to the suit on its merits, evidence of such defense was not admissible upon hearing of the venue issues. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304 (Tex.Com.App.1936); Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810 (Tex.Com.App.1929); Josey Miller Company v. Wilson, 384 S.W.2d 231 (Tex.Civ. App., San Antonio, 1964, n. w. h.); Heldt v. Martin, 368 S.W.2d 9 (Tex.Civ.App., Austin, 1963 dism'd.); Delta Western Trans. Corp. v. Plantation Foods, Inc., 455 S.W.2d 957 (Tex.Civ.App., Waco, 1970, n. w. h.). Appellant's first point is overruled.

By a final point contained in a supplemental brief filed with leave of this court, appellant further urges that since Texas Employers' Insurance Association cannot be classified as a "private corporation", "associations" or a "joint stock company", appellant is not subject to the venue exception provided for in Subdivision 23 of the venue statute. Therefore appellant argues that since it is not the type of legal entity covered by Subdivision 23, the trial court erred in overruling its plea of privilege to

be sued in Dallas County. As we view the record, the contention must be sustained.

We take judicial knowledge of the fact that appellant, Texas Employers' Insurance Association, was created by the Texas Legislature, Acts of 1913, Ch. 179, Part III, Acts of 1917, p. 269 (Article 8308, V. A.T.S.). The act created the association as a body corporate, providing for a board of directors and corporate officers. It further provided that any employer subject to the terms of the act was eligible to become a subscriber or stockholder. Being created as a corporate entity, the legislature thus conferred upon the association the power to sue and be sued. As stated by Justice Hickman in Texas Employers' Ins. Ass'n v. Collier, 77 S.W.2d 878 (Tex. Civ.App., Eastland, 1934, n. w. h.): "The courts have experienced some difficulty in naming the legislative offspring known as the Texas Employers' Insurance Association, but it may be said with confidence that they have definitely decided that it is not a private corporation. * * * We deduce from the authorities that it is a public, or quasi public corporation. Certainly it is a corporation of some character."

In the case of Texas Employers' Insurance Association v. Williams, 447 S.W.2d 232, 236 (Tex.Civ.App., Houston, 1969, n. w. h.), the court stated:

"The cases are unanimous that the appellant, Texas Employers' Insurance Association, is not such an entity as will subject it to the venue provisions of subdivision 23. Appellant has been held not to be á 'private' corporation or *association*. Texas Employers' Ins. Ass'n v. Collier, *77 S.W.2d 878* (Tex.Civ.App.), no writ hist.; Milstead v. Texas Employers' Ins. Ass'n, 308 S.W.2d 84 (Tex. Civ.App.), no writ hist. See also Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; Southwestern Indemnity Co. v. Texas Employers' Ins. Ass'n, 310 S.W.2d 399 (Tex.Civ.App.), no writ hist. We are powerless to change the rule, and we sustain appellant's contention." (Emphasis supplied.)

The term "association", as used in Subdivision 23, was meant to embrace unincorporated entities which have the capacity to be sued as such as provided by Article 6133, V.A.T.S. Bubble Up Bottling Co. v. Lewis, 163 S.W.2d 875 (Tex.Civ. App., Eastland, 1942, n. w. h.). Since Texas Employers' Insurance Association is a corporate entity, it follows that it cannot be classified as an association under Subdivision 23.

Appellee contends that the judgment must be sustained because appellant failed to file a sworn denial under oath denying that appellant was an "association" as required by Rules 86 and 93, Texas Rules of Civil Procedure, and thereby waived its right to complain. We do not agree. Rule 93 does not require a denial that a party is an "association" to be under oath, and, in fact, makes no reference to "associations." Clark, Venue in Civil Actions, Chapter 23, Sec. 8, p. 129. In face of appellant's plea of privilege, appellee had the burden of proving appellant was an unincorporated "association." Appellee clearly failed to discharge this burden.

For the reasons stated, we reverse the judgment of the trial court and order the cause transferred to the District Court of Dallas County, Texas.