**Manuel LOPEZ, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE AS-SOCIATION, Appellee.**

**No. 14765.**

Court of Civil Appeals of Texas.

San Antonio.

May 14, 1969.

Pat Maloney, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, Jack Hebdon, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal involving venue. Appellant, a resident of Zavala County, Texas, brought this suit in Bexar County, Texas, seeking to recover benefits from appellee under a voluntary workmen's compensation endorsement issued appellant's employer, Del Monte Corporation. Appellee's plea of privilege to remove this cause to Dallas County, the county of its residence, was sustained and appellant has duly perfected this appeal.

Appellant does not assert on this appeal that venue lies in Bexar County, but urges that the cause should be transferred to Zavala County where the accident occurred, under the mandatory provision of Art. 8307a, Vernon's Ann.Civ.St. The question presented is whether this mandatory provision of the Workmen's Compensation Act applies to a voluntary workmen's compensation endorsement.

We have found no case on this point. In considering other questions under such a policy, it has been held that voluntary workmen's compensation is purely a matter of contract and the rights and obligations of the parties are measured by the contract. Employers Mutual Casualty Company v. Poorman, 428 S.W.2d 698 (Tex.Civ.App.— San Antonio 1968, writ ref'd n. r. e.); United States Fidelity & Guaranty Co. v. Valdez, 390 S.W.2d 485 (Tex.Civ.App.— Houston 1965, writ ref'd n. r. e.).

In *Valdez*, the insurance carrier paid death benefits under a voluntary workmen's compensation policy and thereafter sought to assert the subrogation right granted under the provisions of the Texas Workmen's Compensation Act. In holding that such right was not applicable, the Court said: "The policy of insurance here involved, so far as it relates to the payment of voluntary compensation, merely makes the workmen's compensation law applicable to the extent that it measures the amount of compensation and other benefits payable and the employee would be entitled to compensation only if his injuries were such that he would be entitled to compensation under the workmen's compensation law had he been covered by it. We find nothing anywhere in said policy that makes all provisions of such Law applicable. The subrogation provision of such Law is not, therefore, applicable."

Nowhere in the endorsement before us is there any attempt to adopt the venue provision of the Workmen's Compensation Act and therefore the general venue provisions apply. The parties stipulated that the residence of appellee was Dallas County, and under the general venue provisions the

**320**

cause was properly transferred to Dallas County. Southwestern Indem. Co. v. Texas Employers' Ins. Ass'n, 310 S.W.2d 399 (Tex.Civ.App.—Waco 1958, no writ).

During oral argument, appellant called our attention to Art. 8308, § 18, Vernon's Ann.Civ.St., which was added by Acts 1967, 60th Leg. p. 1812, Ch. 695, § 1, eff. Aug. 28, 1967. This section apparently would end the voluntary workmen's compensation endorsement, in that it provides in effect that any employer obtaining such coverage becomes a subscriber to the Act whether his employees are covered by the Act or not. We do not here consider the effect of such section, in that the injuries sued on herein were sustained on August 3, 1967, before this section became effective. Such section is therefore inapplicable.

The judgment of the trial court is affirmed.